(No. 30546.—

HARRY I. PARSONS, Appellee, *vs.* S. C. LURIE *et al.*—(S. C. LURIE, Appellant.)

*Opinion filed May 20, 1948—Rehearing denied September 15, 1948.*

HARRY A. BIOSSAT, of Chicago, for appellant.

BECKMAN, HEALY, NEWBY & HOUGH, of Chicago, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Appellee, Harry I. Parsons, filed his complaint in the circuit court of Cook County on June 23, 1947, against S. C. Lurie and Elmer Michael Walsh, Sheriff of Cook County, praying for an injunction to restrain the defendants from selling, disposing of, transferring or redeeming certain premises purchased by appellee at a foreclosure sale on March 25, 1946. Before any injunction was issued the sheriff had sold the property at public sale and the said S. C. Lurie, appellant, being the highest bidder, the sheriff, on June 26, 1947, issued a deed to him, which was filed for record on June 27, 1947. Answers were filed, the case was heard upon the pleadings, and a decree in favor of appellee was entered on December 16, 1947, setting aside the sheriff's deed and restraining the sheriff and appellant from selling or conveying said premises. From said decree appellant, S. C. Lurie, appeals directly to this court, a freehold being involved.

The case was tried upon the pleadings and the decree of the court was determined solely therefrom. The pertinent parts of the pleadings may be summarized as follows:

Hall-Heileman Company, an Illinois corporation, was on October 15, 1928, the owner of lot 6 and the west half of lot 5 in block 2 of Carney's Addition to Harlem, a subdivision of the northeast quarter of northeast quarter of section 13, township 39, range 12, Cook County, Illinois. On that date, the corporation, to secure an indebtedness of $60,000, executed and delivered its 135 coupon bonds aggregating a like amount payable to bearer and its trust deed to Harlem State Savings Bank, Trustee, to secure the legal holders of the bonds and interest coupons, which trust deed was duly acknowledged and recorded. Later,

by consolidation and receivership, Suburban Trust and Savings Bank became successor trustee of said trust deed. On March 6, 1931, the Hall-Heileman Company was adjudged a bankrupt in the United States District Court, northern district of Illinois, and thereafter, by leave of court, the trustee in bankruptcy sold and conveyed the equity of redemption in the above described premises to Albert C. Roos by deed duly recorded in the recorder's office of Cook County, and on December 23, 1931, Albert C. Roos and wife conveyed the same premises to Forest Park Trust and Savings Bank. By order of court in January, 1932, in proceedings in the circuit court of Cook County, Forest Park Trust and Savings Bank was dissolved and all its property was by order of court sold and conveyed by the receiver to William Rieger, Walter Langkawel and Harry Krueger, by deed dated April 3, 1944, and recorded in the recorder's office of Cook County, and they became the owners of the equity of redemption in the said premises and no subsequent conveyance has been made by them or either of them.

On February 15, 1932, the Attorney General filed a bill of complaint against Hall-Heileman Company, a corporation, for dissolution of said corporation under the Corporation Act of 1919 and subsequent amendments thereto, for failure to file annual reports and make payments of license fees and franchise taxes. A summons was issued against said corporation and delivered to the sheriff on February 15, 1932, on which the sheriff's return appears as of March 7, 1932, and recites that within named defendant was not found nor were any of the officers or agents thereof found in Cook County. A publisher's certificate filed in said proceedings certified that notice was published three times for three successive weeks against said corporation, the first publication being on March 4, 1932, and the last on March 18, 1932. Said notice gave the name of the court, the term, the prayer of the com-

plaint for dissolution, the name of the corporation and recited that the summons had issued and that the sheriff had returned it to the clerk showing that he had been unable to obtain service on said corporation for the reasons above stated. An affidavit of an attache of the office of the Attorney General states that on March 12, 1932, he deposited in the post office at Chicago, postage fully paid, a notice of said publication addressed to said corporation at its last known address at Forest Park, Illinois. The decree in the dissolution proceedings found that the court had jurisdiction of the subject matter of the cause and of the parties named in the complaint and default was entered against said corporation; it was ordered dissolved and the charter and authority of the said corporation declared null and void.

Appellee was the owner of bonds aggregating $13,000 secured by said trust deed of October 15, 1928, which were in default, and he requested, in writing, Suburban Trust and Savings Bank, successor trustee, to foreclose said trust deed. On May 15, 1945, the said successor trustee filed its complaint to foreclose said trust deed and a decree of foreclosure and sale was entered on February 26, 1946, pursuant to which a sale was had. On March 25, 1946, a certificate of sale was issued to appellee, which he recorded on April 2, 1946,. and he has since been the owner and holder of said certificate.

On April 25, 1930, said Hall-Heileman Company made and delivered to Forest Park Trust and Savings Bank its promissory note in the sum of $15,000 payable May 20, 1930, with interest at 7 per cent per annum with power of attorney attached to confess judgment without process in favor of the legal holder. The appellant, on April 25, 1947, caused judgment by confession to be entered on said note in his favor for $21,800 in the circuit court of Cook County and execution was issued and delivered to the sheriff on May 16, 1947. On the same day, appellant, in

order to effect redemption from the foreclosure sale, paid the sheriff the sum of $5342.50, the amount for which the premises were sold at the master's sale plus interest from the date of said sale to May 16, 1947. The sheriff, in turn, paid this money to the master. A certificate of redemption was issued to the appellant which was filed June 3, 1947, in the recorder's office of Cook County. On June 24, 1947, at a sheriff's sale, the appellant bought the premises for the sum of $5419.40, said sum being the amount of the redemption money interest and costs, and a sheriff's deed covering the premises was made and delivered to him on June 26, 1947.

In the present suit a decree was entered on December 16, 1947, in favor of appellee and against appellant, in which it was determined that the judgment entered in favor of appellant on April 25, 1947, against Hall-Heileman Company was null and void and of no legal effect; the sheriff's deed issued to the appellant conveying the premises therein described and the recording of same was set aside and held for naught; the levy of the execution upon said judgment and the redemption of said premises under said levy was set aside and the appellant and the sheriff of Cook County were perpetually enjoined and restrained from enforcing or taking steps to enforce said judgment and from selling or offering for sale said premises or any part thereof, and the sheriff was ordered to repay the appellant the amount of the redemption money paid by him to the sheriff for making said redemption.

It is urged by appellant that the decree of dissolution obtained by the Attorney General on June 17, 1932, is void for want of jurisdiction of the corporation because the return of the sheriff is dated March 7, 1932, whereas the first publication of notice in obtaining service on the company is dated March 4, 1932, and only two publications were had after the return of the sheriff was made. Appellant concedes that if the court had jurisdiction of

the person of the corporation in the dissolution proceeding his judgment by confession on the note is void and that he has no claim whatever on the property in question. Appellee urges that the decree of dissolution is valid, that the court had jurisdiction and so found in its order. He also urges that the judgment of appellant is void for a number of other reasons. He calls attention to the facts and dates in their chronological order, namely, that the note of appellant dated April 25, 1930, fell due May 20, 1930; that Hall-Heileman Company was declared bankrupt on March 6, 1931, that it was dissolved June 17, 1932; that the foreclosure decree was entered on February 26, 1946; that the master's certificate was delivered to appellee on March 25, 1946, and that judgment by confession on the note taken by appellant on April 25, 1947, was 17 years after payment was due.

It is the contention of appellee that appellant cannot attack the decree of dissolution collaterally and it is equally urged by appellant that appellee cannot attack his judgment by confession on the note collaterally.

The proceedings for dissolution were filed by the Attorney General in the superior court of Cook County under the General Corporation Act of 1919. (Laws of 1919, pp. 342, 343.) The pertinent parts of said statute are as follows: Section 118 provides, "the Attorney General shall file an information in equity against such corporation either in the Circuit Court of Sangamon County or in the Circuit Court of such other county in the State as to the Attorney General may seem best * * *." Section 119 provides, "Upon the filing of such information in equity summons shall issue * * *." Section 120 provides, "In case the sheriff shall make return thereon that such president * * * cannot be found in his county, then the Attorney General shall cause publication to be made * * *. The Attorney General shall also, within ten days of the first publication of such notice, send a copy thereof by mail, addressed

to the corporation at its principal office·in this State, as shown by the records in the office of the Secretary of State, * * *." Section 121 provides, "The notice herein required may begin at any time after the return of the sheriff is filed, * * *." Section 122 provides, "The practice shall be the same as in cases in chancery, * * *."

The return on the summons is dated March 7, 1932, but the statute provides that the notice of publication required may begin at any time after the return of the sheriff is filed. It makes no reference as to when the return might be dated. The notice of publication signed by the clerk of the superior court recites that the "sheriff has returned said summons to the Clerk of said Court with a return that he has been unable to obtain service on any of the above-named corporations." The Hall-Hileman Company was one of those named in the return. The file mark is not shown on the copy of the summons and, in the absence of any showing that the summons was not filed with the clerk at the time he published the notice in which he recites that the summons has been returned to him, it must be presumed that the summons had been returned and was in his files at the time he made the publication on March 4, 1932, although it bore a date subsequent thereto.

Appellant makes the point that the power to dissolve corporations conferred upon the superior court by the General Corporation Act was a special statutory proceeding and therefore jurisdiction cannot be presumed but compliance with the statute must be shown by the record. The clerk recited in his notice, as above indicated, that the sheriff had returned the summons. This record is not refuted by the subsequent date shown upon the return which could have resulted through typographical error or otherwise. Jurisdiction is therefore shown by the record. The judgment of a court of general jurisdiction can be attacked in collateral proceedings only by the record itself. (*Sielbeck* v. *Grothman,* 248 Ill. 435, 440; *Spring Creek Drain-*

*age Dist.* v. *Highway Comrs.* 238 Ill. 521; *Reedy* v. *Camfield,* 159 Ill. 254.) In the decree of dissolution all the jurisdictional facts appear of record and are recited in the decree and the court found that it had jurisdiction of the subject matter and of all the parties named. In our opinion the superior court had jurisdiction of the parties and subject matter in the case for the dissolution of the Hall-Heileman Company and the decree of dissolution therein is valid.

The question is presented as to whether a warrant of attorney confers authority to confess judgment on a note after the same appears on its face to have been barred by the Statute of Limitations. Appellant contends that appellee cannot raise the question of the Statute of Limitations in a suit in which he was not a defendant and that he cannot now raise the question, for the first time in this court, that the warrant of attorney confers no authority to confess such judgment on the ground that the debt has been barred by the statute. It will be noted that appellee in his complaint sets out fully the power of attorney in said note and avers that appellant caused a judgment to be entered on said note by confession on April 25, 1947, and that on the face of the note it appears that enforcement was barred by the Statute of Limitations. Appellant does not deny this allegation but says that appellee cannot take advantage of any claimed bar of the Statute of Limitations. Every execution sale and all conveyances or other evidences of title founded thereon depend upon the authority of the officer who makes such sale. If a judgment is void and execution should nevertheless be sued out, it would confer no authority whatever upon the officer executing it and a sale made under it and all official conveyances or other evidences of title founded thereon would be absolutely null and void. (*Meyer* v. *Mintonye,* 106 Ill. 414.) A certificate holder may contest the qualifications

of a creditor who redeems under a void judgment or execution. *Hruby* v. *Steinman,* 374 Ill. 465.

We have held (*Matzenbaugh* v. *Doyle,* 156 Ill. 331, 336,) that the warrant of attorney confers no authority to confess judgment on a note after the plaintiff's remedy for the debt thereby evidenced has become barred by limitation. If there was no authority to confess judgment on the note in question then the judgment is void and can be attacked callaterally. We also held, in *Emory* v. *Keighan,* 88 Ill. 482, that the sale of land under a power in a deed of trust, after the debt secured by the deed has been barred by limitation, was void and passed no title to the purchaser. The rule that the Statute of Limitations is not available as a defense unless pleaded does not apply to a judgment entered upon a warrant of attorney. (*Matzenbaugh* v. *Doyle,* 156 Ill. 331.) Quoting from a Wisconsin case with approval, this court, on page 337 of the *Matzenbaugh case,* said: "It is not reasonable to suppose that the party executing a warrant of attorney with a note intends to confer any authority by it beyond the life of the note. After that time no legal remedy can be had upon it unless the maker waives the benefit of the statute, and the warrant does not purport to give authority to waive that benefit for him. It can be fairly construed only as incident to the legal remedy upon the note during its life, and when that remedy is destroyed the incident perishes also. If, after that, the holder of the note desires to try the experiment whether the maker will waive the benefit of the statute, he should bring suit, so as to give him an opportunity." We hold that the judgment by confession entered on April 25, 1947, in favor of appellant and against the Hall-Heileman Company, was null and void and had no force and effect.

Other points presented in the pleadings are all determined by the above holdings. The decree of the circuit court of Cook County is affirmed. *Decree affirmed.*