322 P.2d 891

LINCOLN–MERCURY–PHOENIX, Inc., a corporation, and Sunland Realty & Investment Company, a corporation, Appellants,

v.

Mrs. G. (Grace) BASE, Appellee.

No. 6487.

Supreme Court of Arizona.

March 19, 1958.

10

Primock & Rogers, Phoenix, for appellants.

Rawlins, Davis, Christy, Kleinman & Burrus, by Chester J. Peterson, Phoenix, for appellee.

UDALL, Chief Justice.

This is a joint appeal (1) by Lincoln-Mercury-Phoenix, Inc. from a judgment setting aside a sheriff's sale of real property and declaring a certificate of sale and sheriff's deed issued thereon to be null and void; and (2) an appeal by Sunland Realty & Investment Co., Inc., from an order denying it the right to intervene in said matter. The latter is hereinafter referred to as Sunland. Both appellants are represented by the same attorneys.

A narrative statement of the basic facts giving rise to the instant appeal as they appear from the record is as follows: a complaint for the collection of a debt due on an open account was filed by appellant Lincoln-Mercury-Phoenix, Inc. (hereinafter called plaintiff), against appellee Mrs. G. Base (hereinafter called defendant), on the 30th day of September, 1954, being cause No. 81078. A private process server was appointed under Rule 4(c) of the Rules of Civil Procedure, 16 A.R.S., and return of service was filed wherein it is stated, inter alia, that he had personally served defendant

"on October 4, 1954, at 6:07 p. m., at her usual place of abode, * * * by service upon a female person over the age of twentyone years, who stated her name to be ALLEN, and who also stated she resided with MRS. BASE. That said female ALLEN was of suitable age and discretion to accept such service."

No appearance having been made by defendant, on October 25, 1954, an affidavit of default was filed and on the same day a clerk's default was entered. On the 16th day of November, 1954 a judgment against defendant, in the sum of $352.42, with interest and costs, was entered in favor of plaintiff. Immediately thereafter two writs of garnishment were issued; one was quashed and the other garnishee filed an answer that it was not indebted to defendant. On March 12, 1955, a general writ of execution was issued and on March 24th said writ was returned wholly unsatisfied as the sheriff was unable to locate anything of value belonging to defendant.

On January 6, 1956, attorneys Primock and Rogers were substituted for the firm of Jennings, Strouss, Salmon & Trask, as attorneys for plaintiff, and on the same day another general writ of execution was issued and a sheriff's levy made upon all the right, title and interest of defendant in "Camelback Park Estates, Lot 87." Sheriff's notice of sale of real property was given, and on February 9, 1956, the property in question was sold at public auction by the sheriff to plaintiff for the total amount due on the judgment, viz., $415.68, and a sheriff's certificate of sale was issued therefor. On February 23, 1956, plaintiff executed a quitclaim deed to Stayden, Schwartz and Goldfield for said property, the recited consideration being $10.00.

On September 27, 1956, defendant Mrs. G. Base filed a motion in the same cause (No. 81078) to set aside sheriff's sale and for a restraining order. In support thereof she filed an affidavit stating, inter alia, the following:

"That she is the defendant in the above-entitled and numbered matter. That on October 4, 1954, she was not within the boundaries of the State of Arizona, and had at that time leased a portion of her home on Lot 87, Camelback Estates to one, Fay Allen. That the said Fay Allen was not her agent and was not residing with her, but was residing in separate quarters in the said home located on Lot 87, Camelback Park Estates, and that the said Fay Allen did not forward to her nor mention to her the fact that she had had given to her the summons and complaint in the above-entitled matter. That as a result this affiant did not know an action had been filed against her and therefore, did not have opportunity to appear and defend herself in this matter."

The affidavit then stated the facts subsequently included in the court's findings, infra, concerning her personal property and the equity she owned in the real property so sold. No counter affidavit was filed by plaintiff, hence all of the statements in the affidavit stand uncontroverted except insofar as they are refuted by the process server's return, supra.

After several hearings were had and briefs filed on said motion to set aside, the court on January 29, 1957, made the following findings which are incorporated in the minutes, viz.,

"It appearing by the uncontroverted affidavit of the defendant, Mrs. G. Base, and the Court therefore finds, that the Defendant was never properly served with summons and complaint in the above-entitled matter; that the defendant owned personal property within the State of Arizona subject to execution, and the levy upon and sale of real property, before Defendant's personal property was exhausted, was improper and without authority; and that the sale price of $415.68 for the real property, which was worth Ten Thousand Dollars, and in which the Defendant owned an equity of Five Thousand Dollars, was grossly inadequate."

It was ordered that the sheriff's sale of said real property, the certificate issued thereon and the sheriff's deed thereto, be cancelled, set aside, and declared void. It was further ordered that the clerk pay to plaintiff the sum of $415.68, which defendant had theretofore deposited with said clerk, in settlement of plaintiff's original claim against defendant.

On February 1, 1957, Sunland filed a petition for leave to intervene on the grounds it was the successor in interest to the real property involved in the suit. This petition was verified by attorney William Rogers, Jr., secretary of said corporation. Intervention was denied on February 5, 1957. On March 7, 1957, judgment was entered in favor of defendant-appellee, based on the court's findings of fact and order of January 29, supra. This joint appeal followed.

The first assignment of error is, in substance, that the court was wrong in denying Sunland's motion to intervene for the reason it was the true owner of the property, and a necessary party before the court could rule on who held legal title to said property. A later assignment also urges that by reason of the foregoing the "court did not have jurisdiction over the parties and the subject matter."

As to the status and claimed rights of Sunland to intervene the record presents a revealing side light. While the firm of Primock & Rogers represent plaintiff, Lincoln-Mercury-Phoenix, Inc., the petition for leave to intervene by Sunland recites " * * * that the representation of petitioner's interest by existing parties is or may be inadequate," and it is signed by William Rogers, Jr., one of the members of the firm of "Primock & Rogers".

█ The motion was not timely filed as it was three days after the court announced by its minute entry what its judgment would be before the petition for leave to intervene was filed. Considering all of these facts it certainly was not an abuse of discretion for the trial court to deny Sunland's motion to intervene.

█ We stated in Phoenix Metals Corporation v. Roth, 79 Ariz. 106, 284 P.2d 645, that notice and an opportunity to be heard are essential elements of due process, and without same a court lacks jurisdiction and a judgment based thereon is void and subject to attack at any time. The trial court found that defendant had no notice and as such the judgment, upon which the execution sale was based, was void. We hold the record sustains this finding. Cf. Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942.

█ The judgment being void the execution issued thereon was void and title to the lands could not pass to plaintiff.

"The general rule is that an execution may not issue upon a void judgment; an execution so issued is itself absolutely void, and such invalidity extends to acts performed thereunder. Accordingly, title does not pass to a purchaser at an execution sale, where the judgment supporting it is void.

* * * " 21 Am.Jur., Executions, p. 27, section 23, cited in Apple v. Edwards, 123 Mont. 135, 211 P.2d 138, at page 141.

See also Parsons v. Lurie, 400 Ill. 498, 81 N.E.2d 182; Freeman on Executions, third edition, Vol. 1, section 20; 33 C.J.S. Executions § 8. Cf. Jackson v. Sears, Roebuck & Co., 83 Ariz. 20, 315 P.2d 871; 21 Am.Jur., Executions, section 282; Annotation, 29 A.L.R. at page 1071.

The further assignments of error attack both the findings of fact, because no evidence was introduced, and the judgment for being ambiguous, uncertain and inconsistent with the pleadings.

■ The findings of fact are based on the uncontroverted affidavit of defendant, which the trial court apparently found was sufficiently clear and convincing to overcome the statement made by the private process server. Plaintiff contends the defendant's affidavit should not be considered as evidence to support a finding of fact. None of the authorities cited by plaintiff sustain this position and we find no merit in such contention. The court may determine a motion on affidavits and make findings of fact necessary to show the basis for its decision. However, findings of fact are not necessary in ruling upon a motion, but where as here there is evidence in the record to support the judgment setting aside the sheriff's deed, this court will not overrule the trial court. McCoy v. Brooks, 9 Ariz. 157, 80 P. 365. The record amply supports the judgment.

■ Finally, we consider the challenge to that part of the judgment requiring the clerk of court to pay plaintiff $415.68 in settlement of plaintiff's claim against defendant, this being the sum bid at sheriff's sale. This amount was deposited with the clerk by defendant, as evidence of her good faith, and it was stated in her affidavit supporting motion to set aside that she was willing to pay interest thereon if the court so directed. We recognize the irregularity in disposing of this money but we are not disposed, on this record, to find error with this direct method of terminating the litigation between these parties, nor do we perceive how plaintiff is prejudiced thereby.

We see no need to consider the other problems raised.

Judgment affirmed.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concurring.