**AETNA LIFE INSURANCE COMPANY**
et al., Appellants,

v.

**Emos L. CREEL, Appellee.**

**No. 14574.**

Court of Civil Appeals of Texas.

Houston.

May 6, 1965.

Rehearing Denied May 27, 1965.

Harold L. Ogden, Fouts, Moore, Williams & Caldwell, Houston, for appellant Aetna Life Ins. Co.

Gordon Griffin, Griffin, Griffin & Old, Brownwood, for appellant Willie Belle Creel.

W. David Evans, Wiley Thomas, Ballard Bennett, Angleton, for appellee.

WERLEIN, Justice.

This suit was brought by appellee, Emos L. Creel, in the District Court of Brazoria County, Texas, against his former wife, Willie Belle Creel, a resident of Brown County, Texas, and Aetna Life Insurance Company, hereinafter called Aetna, a foreign corporation, seeking a declaratory judgment declaring that Willie Belle Creel is not entitled to receive annuity payments under Group Annuity Contract No. GA 160 issued by Aetna to appellee's former employer, Petty Geophysical Engineering Company, hereinafter called Petty, and declaring that all annuity payments should be paid to appellee.

Appellant, Willie Belle Creel, filed a plea of privilege to be sued in Brown County, to which a controverting affidavit was filed by appellee. Subject to her plea of privilege appellant pled in her answer the final judgment of the District Court of Brown County entered December 19, 1963 in Cause No. 14694 on the docket of said court, styled "Willie Belle Creel vs. Emos L. Creel" wherein Willie Belle Creel was granted a divorce, and a division of property was decreed. No appeal was taken from such judgment and the same became final. In such judgment Willie Belle Creel was awarded, in addition to other property, all of the parties' interest in and to said retirement fund and all future payments to be made by Aetna under said Contract No. GA 160, and Emos L. Creel, appellee herein, was awarded certain personal property and all real estate in his name located in Brazoria County.

The parties in the present suit entered into an agreed stipulation of evidence for use by the court in considering appellant's plea of privilege, pleas to the jurisdiction and in abatement, as well as the merits of the case. The court basing its judgment on such written stipulation and the pleadings of the parties, overruled appellant's plea of privilege, and her pleas to the jurisdiction and in abatement, and decreed in substance that appellee recover from Aetna monthly annuity payments which had accrued since December, 1963, when said divorce was granted, under its Policy No. GA 160 407–P, in the amount of $55.93 per month, aggregating a total of $615.23. The Court further decreed that appellant has no right to or interest in the monthly annuity payments which had accrued and no interest in future annuity payments which would accrue, and that the portion of the judgment in said Cause No. 14694 entered by the District Court of Brown County, which purports to divest appellee of the right to receive such annuity payments and to grant the same to appellant, is null and void and of no force or effect. The court found that the District Court of Brown County lacked jurisdiction to enter and render said portion of its judgment.

Appellant asserts that the trial court erred in holding the judgment of the District Court of Brown County subject to collateral attack, and in declaring null and void that portion of the judgment of the District Court of Brown County divesting appellee of the right to receive such payments and transferring the same to appellant. Appellant does not assign as error the Court's overruling of her plea of privilege.

The trial court in its judgment held that the portion of the judgment referred to hereinabove was void, but the court did not set out its conclusions of law or the basis for such holding. Appellee pled in the present suit that the judgment of the District Court of Brown County was void since Aetna was not a party to said divorce suit, nor was appellee's former employer, Petty, made a party thereto. He contends that both Aetna and Petty were indispensable parties to the suit in Brown County, in which the court awarded to appellant the annuity payments that had accrued and that would accrue, and further that without the joinder of said parties the court lacked jurisdiction to consider or determine such issues.

Appellee has cited a number of cases holding in effect that in a suit to alter, cancel or construe legal rights under a contract, the court has no jurisdiction unless all necessary and indispensable parties are made parties to such suit, and further that the want of necessary parties is fundamental error which the appellate court will notice. The rule relied upon by appellee is well established, but it is inapplicable to the factual situation in the suit brought in the District Court of Brown County. That suit was not brought to alter, cancel, rescind or construe the legal rights or obligations of the parties to the annuity contract in question. The court merely decreed that as between appellant and appellee both of whom were before the court, appellant shall take all of the parties' interest in and to said retirement fund.

Appellee did not file in the suit in the District Court of Brown County a sworn pleading complaining of a defect of parties therein, as provided by Rule 93, Texas Rules of Civil Procedure, nor did he make any attempt to bring in additional parties before the case was called for trial, as provided by Rule 37, T.R.C.P. Appellee, therefore, waived his right to complain in the present suit of any absence or defect of parties in the divorce suit unless there was in such suit an absence of indispensable parties without which no valid judgment could be entered. An indispensable party is defined as "[A] party who has such an interest in the controversy or subject matter that a final adjudication cannot be made, in his absence, without injuring or affecting such interest." 67 C.J.S. Parties § 1, p. 892; Veal v. Thomason, 138 Tex. 341, 19 S.W.2d 472; Hollar v. Jowers, Tex.Civ.App., 310 S.W.2d 721, writ ref., n. r. e.; 44 Tex.Jur.2d, p. 139, Parties, § 3.

The question arises, therefore, as to whether Aetna or Petty were indispensable parties in said divorce suit in Brown County. Appellee terminated his employment with Petty in 1961. The divorce in question was granted on December 19, 1963. At the time of the termination of his employment with Petty, which was before appellee was 65 years of age, he elected to exercise his right to optional retirement, and thereupon he became entitled to receive each month a payment of $55.93 for life, with the provision that should he die before receiving the total amount of $3,651.13 the difference between such amount and the amount received before death would be paid to the beneficiary under said policy, Willie Belle Creel. It was stipulated in the present suit that appellant and appellee were married on August 16, 1952, and that appellee started to work for Petty sometime in the year 1937, and that from such date until his retirement in 1961 he made contributions to and was covered by said annuity contract.

Appellee's former employer, Petty, was not a necessary party to said divorce suit. Some two years before the divorce action, appellee's employment had terminated with Petty, and it was then definitely determined the exact amount of annuity payments that appellee would be entitled to receive from Aetna. A certificate or notice was issued by Aetna to appellee on August 3, 1961 setting out the amount of each annuity payment and the guaranteed

return. Petty had no conceivable interest in the matter at the time of the divorce action. It will be noted also that in the present suit appellee did not consider it necessary to make Petty a party.

It is our view that Aetna was not an indispensable party in the divorce suit. Aetna was obligated to pay appellee, under the annuity contract and partial retirement plan which was selected by him, monthly payments for life, as hereinabove stated, with a guaranteed return of $3,651.13. Aetna's obligation was fixed and determined. It has not been in any way adversely affected or injured, nor has its interest in the matter been affected. It had to pay a certain amount of money under its contract, and no more or less. Appellee had a vested right in such payments. In the present suit Aetna has filed merely a general denial and has appealed from the judgment of the trial court. It is certainly immaterial to Aetna whether appellant or appellee receives the money which it will have to pay. The judgment of the court in the divorce action and the decision in this suit in which Aetna is a party, will protect Aetna in making payments to appellant.

Since the District Court of Brown County had jurisdiction over appellant and appellee who were the only indispensable parties to the divorce action, its final judgment is not void or subject to collateral attack on the ground that there was a lack of indispensable parties and fundamental error.

Appellee apparently contends that the District Court of Brown County had no jurisdiction to decree said annuity payments to appellant because forbidden to do so by Article 21.22 of the Insurance Code of Texas, V.A.T.S., and also because of the following provision in the orginal annuity contract, to wit:

"No annuity payable hereunder may be assigned except with the written consent of the employer, and every benefit hereunder shall be exempt from claims of creditors of the person entitled thereto to the maximum extent permitted by law."

Article 21.22 of the Insurance Code is based on Acts 1927, 40th Leg., p. 348, Ch. 234 (Vernon's Annotated Civil Statutes, Art. 5068a), without substantive change. It merely exempts insurance benefits and annuities from seizure under process by creditors of the insured or of any beneficiary, either before or after said money or benefits is, or are, paid or rendered. The purpose for the enactment of the original Act by the Legislature which was approved March 30, 1927 was, as shown by the emergency clause, to secure beneficiaries in life, health and accident insurance policies and employees under annuities and benefits plans of their employers, against creditors. It does not in any way prevent a District Court in a divorce suit from decreeing and ordering a division of the estate of the parties, as it is required to do by Article 4638 of Vernon's Texas Civil Statutes.

The provision in the annuity contract to the effect that the annuity could not be assigned except with the written consent of the employer, did not prevent the court from making a division of the estate in the divorce suit or from awarding such annuity to appellant. Furthermore, at the time of the divorce Petty was not the employer of appellee and had not been for some two years. It had no further interest in the annuity after the certificate was issued to appellee at the time of the termination of his employment, and the amount payable thereunder became a fixed and determined vested right in appellee.

Since the District Court of Brown County had jurisdiction over the parties and their estate, and Aetna and Petty were not indispensable parties, the judgment of said Court is not void, in whole or in part, and is not subject to collateral attack.

Reversed and rendered.