Janie M. CAMPBELL et al., Appellants,

v.

Jessie Berry JEFFERSON, Appellee.

No. 477.

Court of Civil Appeals of Texas, Tyler.

April 9, 1970.

Rehearings Denied April 30, 1970.

Smith & Smith, Kelley Smith, Tyler, for appellants Janie M. Campbell, Donald E. Campbell and Industrial County Mut. Ins. Co.

Holcomb & Norwood, Jack Norwood, Tyler, for appellee.

DUNAGAN, Chief Justice.

This suit was filed in the County Court at Law of Smith County, Texas, by appellee, Jessie Berry Jefferson, as an action for property damages against Janie M. Campbell and Donald E. Campbell as a result of an automobile collision at a traffic control intersection in the City of Tyler. One automobile was owned and driven by Jessie Berry Jefferson and the other was owned by Janie M. Campbell and was driven by her minor son, Donald E. Campbell, at the time of the collision in question. A cross-action was filed by Janie M. Campbell on behalf of herself and her minor son Donald E. Campbell, seeking the sum of $100.00 for property damages, $150.00 for loss of use of the automobile, damages for personal injuries and loss of employment on behalf of her son, Donald E. Campbell.

Trial was to the Court without the intervention of a jury. The court rendered judgment for Jessie Berry Jefferson for

her damages in the sum of $470.00 against the appellant, Donald E. Campbell; that appellee, Jessie Berry Jefferson, take nothing from the appellant, Janie M. Campbell, and that cross-plaintiffs, Janie M. Campbell and Donald E. Campbell, take nothing from cross-defendant, Jessie Berry Jefferson.

In response to appellants' request, the trial judge made and filed his findings of fact and conclusions of law.

The trial court found, among other findings, as a result of the collision in question, that the automobile owned and operated by the appellee was damaged to the extent of $470.00; that the collision in question and the resulting damages therefrom to the automobile of appellee was proximately caused by the negligence of appellant, Donald E. Campbell; that appellee-cross-defendant was not guilty of any act or omission constituting negligence on the occasion in question and was free of any negligence proximately causing or proximately contributing to the collision that is the subject of this lawsuit. The Court in its conclusions of law concluded that the appellee-cross-defendant was not guilty of any act or omission of negligence that proximately caused or contributed to cause the collision here in question and that the appellee was entitled to recovery from appellant, Donald E. Campbell, in the sum of $470.00, together with interest thereon at the rate of 6% per annum from and after the 30th day of September, 1969, until paid. The effect of the court's findings and conclusions of law was that the appellants-cross-plaintiffs had no cause of action against the appellee-cross-defendant.

Appellants by their first 3 points of error contend that (1) "There is a lack of a necessary party to this suit which is a fundamental error", (2) it was error to render "Judgment at a time when it was made to appear that a necessary party was not before" the court, and (3) "There can be no valid judgment in this case because a party who is jointly entitled to damages to be recovered was not joined as a party litigant".

Appellants by their first 3 points of error contend that Industrial County Mutual Insurance Company (hereafter referred to as Industrial) is a necessary and indispensable party to the cross-action suit brought by appellants against the appellee.

Appellants for the first time complain on this appeal of the lack of necessary parties to the cross-action because of the absence of Industrial.

The record before us reflects that the automobile owned by appellant, Janie M. Campbell, was protected by an insurance policy with comprehensive coverage issued to her by Industrial and said policy was in effect at the time of the collision in question. The insurance policy was not offered into evidence, and therefore its terms and provisions are not available to us. However, the record does reveal that the insurer under the policy was liable for the damages above $100.00 which sum was deductible. Industrial paid to its insured the sum of $600.00 for the damages to her car caused by the collision in question, being the amount of the damages in excess of the $100.00 that was deductible under the policy. By paying part of the Campbells' (defendants-appellants) loss, their insurer, Industrial, became a pro tanto owner of the cause of action against appellee, who was plaintiff and cross-defendant in the court below, to the extent of its payment to the Campbells, defendants-cross-plaintiffs. Magnolia Pipe Line Co. v. Security Union Ins. Co., 37 S.W.2d 1062 (Tex.Civ.App., Beaumont, 1931, n. w. h.); Thoreson v. Thompson, 431 S.W.2d 341, 347 (Tex.Sup.); Phipps v. Fuqua, 32 S.W.2d 660, 663 (Tex.Civ.App., Amarillo, 1930, writ ref.); Paschall v. Geib, 405 S.W.2d 385, 386 (Tex.Civ.App., Dallas, 1966, writ ref., n. r. e.). Payment of the loss creates this subrogation right; no formal assignment is necessary. Wichita City Lines, Inc. v. Puckett, 156 Tex. 456, 295 S.W.2d 894, 899 (1956); Magnolia Pipe Line Co. v. Security Union Ins. Co., supra; International Insurance Company v. Medical-Professional Building of Corpus Christi, 405

S.W.2d 867 (Tex.Civ.App., Corpus Christi, 1966, writ ref., n. r. e.). Cross-plaintiffs-appellants by their cross-action sought to recover only the $100.00 loss they had suffered by reason of the damage to the automobile.

Rule 39(a), T.R.C.P.[1], in part states that "Except as otherwise provided in these rules, persons having a joint interest shall be made parties and be joined as plaintiffs or defendants."

An indispensable party is defined as "a party who has such an interest in the controversy or subject matter that a final adjudication cannot be made, in his absence, without injuring or affecting such interest." General Insurance Company of America v. Casper, 426 S.W.2d 606 (Tex. Civ.App., Tyler, 1968, writ ref., n. r. e., 431 S.W.2d 311); see Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472 (1942). The Supreme Court in Petroleum Anchor Equipment, Inc. v. Tyra, Tex., 406 S.W.2d 891, in discussing Rule 39 said "It is at once apparent that the 'necessary' parties of which the rule speaks fall into two categories: (1) those who under paragraph (a) *shall* be made parties,' and (2) those who under paragraph (b) 'ought to be parties if complete relief is to be accorded between those already parties.' It is also at once apparent that 'persons having a joint interest' within the meaning of paragraph (a), properly interpreted, are *indispensable* parties, but that those who simply ought to be joined if complete relief is to be accorded between those already parties are not *indispensable.* * * * "

■ Therefore, under Rule 39(a) governing necessary joinder of parties, "persons having a joint interest" are indispensable parties, but those who simply ought to be joined if complete relief is to be accorded between those already parties are not indispensable parties.

"The joint interest which a party must possess in the subject matter of a suit in order to qualify as a 'necessary party' within Rule 39, is such an interest that it is necessary for the owner thereof to be a party in order to enable the court to grant complete relief as between the parties already before it." Brown v. Meyers, 163 S.W.2d 886, 889 (Tex.Civ.App., Galveston, 1942, writ ref., w. o. m.).

■ Industrial had no interest in the recovery actually sought by the appellants, the insured, against the appellee. It owned no part of the damages sought by the appellants in their cross-action. Complete relief between the parties could be and was had in the cause of action actually alleged in the cross-action and disposed of by the judgment entered in this cause.

■ In determining whether or not there was a sufficient joinder of all necessary parties plaintiffs, the test is whether judgment, if it had been favorable to the defendant, would have protected the defendant under a plea of res judicata against a subsequent suit involving the same subject matter. Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008 (1943). The appellee-cross-defendant would have been so protected. Traders & General Insurance Company v. Richardson, 387 S.W.2d 478 (Tex.Civ.App., Beaumont, 1965, writ ref.).

We hold under the record before us that Industrial was not a necessary and indispensable party to appellants' cross-action. Industrial's interest was not affected by or involved in the cross-action proceedings. It could have intervened and sought recovery for its loss.

Industrial filed its petition in intervention 6 days after judgment was signed and entered in the cause wherein it sought to have the judgment theretofore rendered and entered withdrawn and held for naught, and a new trial in order that a complete decree between all the parties may be made, thereby preventing future litigation. Appellee filed a motion to

---

[1]. All references herein are to the Texas Rules of Civil Procedure unless otherwise indicated.

strike the petition in intervention which after a hearing thereon was granted. Industrial has appealed. Industrial asserts on this appeal that the court erred in striking this petition in intervention.

Industrial alleged in its petition for intervention that it had notice of appellants' cross-action some 4½ hours before judgment in this case. The record does not reflect that Industrial made any effort, whatsoever, to intervene and protect its rights before judgment. It did not file its petition in intervention until six days after judgment. It had the right to and could have protected its rights by timely intervening in this suit and asserting its rights. Traders General Insurance Company v. Richardson, supra. We note that the law firm of Smith & Smith that represented appellants-cross-plaintiffs in the trial court · in this cause also filed Industrial's petition to intervene. Wilkerson v. Davis, 264 S. W. 545, 549 (Tex.Civ.App., Austin, 1924, writ dism.) ; Lincoln-Mercury-Phoenix, Inc. v. Base, 84 Ariz. 9, 322 P.2d 891 (1958).

 It is quite obvious that appellants were aware of Industrial's interest and claim at the time they filed their cross-action. The Campbells could have by their cross-action sued for the total amount of the damages to Janie M. Campbell's automobile including Industrial's loss but chose not to do so. Fort Worth & Denver Ry. Co., v. Ferguson, 261 S.W.2d 874, 879 (Tex.Civ.App., Ft. Worth, 1953, writ dism.). Appellants did not file a sworn pleading in this suit complaining of a defect of parties therein as provided by Rule 93. Appellants, therefore, waived their right to complain of any absence or defect of parties in the absence of indispensable parties without which no valid judgment could be entered. Aetna Life Insurance Company v. Creel, 390 S.W.2d 522 (Tex. Civ.App., Houston, 1965, writ ref.) and cases cited therein.

Insofar as this record discloses appellants were the only parties to the suit aware of Industrial's interest or claim at the time of the filing of the cross-action and the trial thereof.

Industrial having filed its petition to intervene after the case had been tried and disposed of by judgment, the intervention came too late. Zucht v. Jorrie, 294 S.W. 687 (Tex.Civ.App., San Antonio, 1927, writ dism.) ; Lamb v. Bonds & Dillard Drilling Corporation, 107 S.W.2d 500, 504 (Tex.Civ.App., El Paso, 1935, n. w. h.) ; Schnick v. Morris, 24 S.W.2d 491, 498 (Tex.Civ.App., Beaumont, 1930, writ ref.) ; Vol. 1, McDonald Tex.Civ.Practice, Sec. 3.48-B, p. 398 ; Hugh Cooper Co. v. American National Exchange Bank of Dallas, 30 S.W.2d 364 (Tex.Civ.App., Dallas, 1930, n. w. h.) ; Mast v. Shipp, 123 S.W.2d 980 (Tex.Civ.App., Beaumont, 1939, dismissed, judgment correct) ; Baronofsky v. Baronofsky, 404 S.W.2d 683 (Tex.Civ.App., Houston, 1966, writ dismissed).

Upon a careful examination of the entire record, we have concluded that the evidence supports the trial court's findings of fact, conclusions of law and judgment. We have examined each of appellants' points of error, and they are overruled.

Judgment of the trial court is affirmed.