**CITIZENS BUILDING INC., et al., Appellants,**

v.

**E. L. AZIOS, Appellee.**

No. 17490.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 11, 1979.

Newton B. Schwartz, P. C., Houston, for appellants.

Foreman, Dyess, Prewett, Rosenberg & Henderson, Richard O. Faulk, Houston, for appellee.

WARREN, Justice.

Citizens Building, Inc., Gloria Acker and Martin R. Nathan appeal from an order of the trial court appointing a receiver for the Citizens Building, Inc.

The main issue on appeal is whether the trial court abused its discretion in appointing a receiver.

James Mitchell and Helen Mitchell, the owners of Citizens Bank Building, leased the premises to a trust sometimes called the Citizens Building Trust. Gloria Acker and

E. L. Azios are trustees and beneficiaries under the trust. Citizens Building Trust subleased the building to Citizens Building, Inc., which in turn subleased the building to Harris County. Gloria Acker and Martin R. Nathan each own 25% and E. L. Azios owns the remaining 50% of the common stock of Citizens Building, Inc. Mrs. Acker, Mr. Azios and Mr. Martin R. Nathan are the directors of the Corporation. Under the lease between the trust and the corporation, the corporation is obligated to pay $7,000 per month as rent and is responsible for the maintenance and housekeeping of the building. The leasehold interest in the building is the sole capital asset of the trust and the corporation.

For some years, the Citizens Bank Building was sparsely occupied and in a state of disrepair. E. L. Azios and others agreed to obtain a lease, repair the premises, and sublease it for a profit. In 1975 a lease was obtained by the Trust.

Before March 1978, E. L. Azios, as president of the corporation and as trustee and beneficiary under the trust, acted as building manager. Thereafter, at a called meeting of the board of directors, Newton Schwartz was appointed building manager. Since that time numerous disputes have arisen between Mr. Azios and Mr. Schwartz regarding the maintenance and operation of the building. In December of 1978, a dispute arose between Mrs. Acker and Mr. Azios regarding alleged payments due by Mr. Azios to the trust for capital improvements made to the building. Most of these disputes were settled, but the hard feelings have lingered.

On March 6, 1979 certain officials of Harris County were notified that future rental payments should be sent to Schwartz instead of Azios.

Because of the dispute as to whom the rental payments were to be delivered, Harris County, pursuant to Section X of its lease, began withholding rental payments to the corporation.

On March 17, 1979, Martin R. Nathan and Gloria Acker, as directors of the corporation, sent a mailgram to E. L. Azios notifying him that a special meeting of the board of directors of the corporation would be held at 6:00 p. m., March 19, 1979, at the office of Mrs. Acker for the purposes of electing new officers, appointing a collection agent, appointing a new bookkeeper-accountant, and to discuss matters pertaining to the Harris County lease. The telegram was posted at 13:56 Eastern Standard Time (12:56 p. m., Central Standard Time). The meeting of the board was held at the appointed time and Martin R. Nathan was elected president of the corporation, the bookkeeper was discharged, a new corporate depository was selected and Newton Schwartz was appointed rental collection agent for the corporation. Mr. Azios was not present. Prior to this meeting Azios was the president of the corporation and collected the rental payments from Harris County.

On March 29, 1979 appellee filed suit pursuant to Section 7.05 of the Business Corporation Act, requesting that a receiver be appointed, alleging that (1) the directors were deadlocked in the management of the corporation and the shareholders were unable to break the deadlock (2) an illegal meeting of the board was held removing appellee as president, and (3) notice had been given to Harris County contesting appellee's right to receive the monthly payment of rentals resulting in a suspension of rental payments by Harris County, all of which could cause a forfeiture of the lease by the corporation.

Appellants claim the order of the trial court was void because:

I. The trial court was disqualified from hearing the cause.

II. The trial court lacked jurisdiction and authority to appoint a receiver because:

A. There was an absence of necessary parties

B. There was no main suit pending between the parties

C. The proceeding was not ancillary to any other suit or pending cause of action

D. Both parties are claiming exclusive title and possession to the res involved

E. Appellee had other adequate remedies at law and equity to pursue his claims

F. There was no evidence or, alternatively, there was insufficient evidence upon which to grant appointment of a receiver

G. There were no findings that a receiver for specific assets was insufficient or was inadequate relief and no other findings and conclusions

H. No conditions were made for termination of the receivership

I. Appellee having failed to do equity, lacked "clean hands."

■ In point of error 1 appellants claim the trial judge was disqualified because he had previously disqualified himself in a previous suit involving the corporation, because appellee's brother is a member of the Harris County Judiciary, and because the judge was acquainted with appellee and a witness for appellee. Even if proved, none of the reasons was sufficient to disqualify a judge under Art. 5, Section 11 of The Texas Constitution, which provides "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such degree as may be prescribed by law." Art. 200a, section 6 provides in part:

"A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court."

Appellant did not present a motion to recuse to the trial court nor to the presiding judge of the Administrative District. There being no allegation of a matter which would disqualify a judge "for cause" and no motion to recuse filed, this point is overruled.

Appellants allege that since a receiver was appointed before the trial was completed, the judgment should be reversed because the court prejudged the case. There is no evidence in the record to support this allegation.

■ Appellants point of error II contains nine points of error. An assignment of error is multifarious if it embraces more than one specific ground of error, or if it attacks several and distinct separate rulings of the court. A court of civil appeals may disregard an assignment of error that is multifarious. However, multifarious points will be considered, if, after reviewing the argument, the appellate court can determine with a reasonable certainty the alleged error. *Rio Delta Land Co. v. Johnson*, 566 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

Appellants' subpoints of error C, D, G, H and I, under point of error II are without merit and are overruled. Subpoint of error B was not supported by any authority or argument and we declined to review it. Texas Rules of Civil Procedure, Rule 418(e).

Under point of error II, we will consider whether there was an absence of necessary or indispensable parties, whether appellee had other remedies available, and whether there was any evidence or sufficient evidence to grant the appointment of a receiver.

■ In an unverified motion to dismiss, appellants alleged, among other things, that all necessary and indispensable parties were not joined, therefore complete relief could not be granted. The motion was presented to the court and taken under advisement, but no ruling was obtained. T.R.C.P., Rule 93(c) requires that a pleading alleging that there is a defect in the parties shall be verified by affidavit unless the truth of such matter appears of record. Appellants waived any defect in the parties in absence of sworn pleadings and in absence of any attempt to bring in additional parties unless their absence constituted fundamental error. *Aetna Life Insurance Co. v. Creel*, 390 S.W.2d 522 (Tex.Civ.App.—Houston 1965, writ ref'd).

■ Although Harris County and the Trust were collaterally involved because of

their legal relationships with appellants and appellee, the issues involved pertained to the internal affairs of the corporation, and their presence was not so indispensable as to deprive the court of jurisdiction between the parties to the suit. *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex. 1974). This point is overruled.

■ Appellants next contend that there was no evidence or insufficient evidence upon which to justify the appointment of a receiver.

Evidence produced at the trial showed that the corporation had paid no rent under its lease with the Trust, that there were disputes among the directors as to what debts the corporation owed, there were disputes as to the rightful president, bookkeeper, collection agent and official depository of the corporation. This evidence when considered together with the evidence of the personal animosity existing between appellee and Mrs. Acker and Mr. Schwartz, would support a finding by the court that the corporation was in imminent danger of insolvency as defined by the Texas Business Corporation Act. Even though the obligations of the corporation were being satisfied by the shareholders in some instances, the obligations remain those of the corporation. The ramifications of the failure of the corporation to meet its obligations were apparent to the trial court. If the corporation could not assume the orderly maintenance and operation of the building, Harris County could refuse to renew the lease, leaving the corporation with no income, accrued or otherwise. The lease between the trust and corporation might be forfeited, leaving the corporation void of any capital asset and any reason for existing.

Moreover, there is a question whether appellants gave appellee the requisite two days notice previous to the meeting. The mailgram was posted at 12:56 p. m. CDT March 17 notifying appellee that the meeting was to be held on March 19 at 6:00 p. m. The by-laws of the corporation provide that "notice of any special meeting (of the Board of Directors) shall be given at least two days previous thereto, by written notice delivered personally or mailed to each director at his business address, or by telegram . .. If notice be given by telegram such notice shall be deemed to be delivered when the telegram is delivered to the telegraph company." There are at least three possible constructions which could be given this notice provision, none of which would give validity to the notice given in our case. In *Long v. City of Wichita Falls*, 142 Tex. 202, 176 S.W.2d 936 (1944) our Supreme Court held that "day" as used in the law means a calendar day and includes the time elapsing from one midnight to the successive midnight. This rule of interpretation was adopted as a matter of convenience to obviate the necessity of having to make such calculations by hours, minutes and seconds. Using this method of construction, the notice would have been considered given as of 12:00 midnight on the 17th and under the by-laws the meeting could not have been legally held until after 12:00 midnight on the 19th of March. The most general rule used and the one which our legislature has adopted for statutory construction (Vernon's Ann.C.C.P. § 12.04(a) (Vernon's Supp. 1978–1979) is that in computing the time before a specified event, either the day on which the period began or the day on which it expired must be included and the other excluded. Using this construction, only one day notice previous to the date of the meeting was given. Using the third method, that is, excluding both the day the notice was delivered and the day the meeting was held would also result in a finding that the notice was insufficient. This is the construction given to notice of shareholders' meetings in the State of Delaware when the words "at least" are used. See *MacCrone v. American Capitol Corp.*, 51 F.Supp. 462 (Del.1943).

In our case if the 17th, the date of notice, is excluded, then only one day notice "previous thereto" was given, thus the notice was insufficient. The trial court could have concluded that the actions of Acker and Nathan were oppressive, causing the dispute and placing the corporation in imminent danger of insolvency. No abuse of discretion has been shown.

In subpoint of error E, appellants assert that the order appointing the receiver was void because appellee had other adequate remedies. Considering the state of the corporate affairs, as shown by the evidence, we cannot conclude that the other remedies, which appellants mentioned but did not discuss, would have been as prompt, complete, practical and efficient as the appointment of a receiver. *Story v. Story*, 142 Tex. 212, 176 S.W.2d 925, 927 (1944). This point of error is overruled.

The judgment of the trial court is affirmed.

PEDEN and EVANS, JJ., also sitting.