**Opinion issued March 21, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00573-CV

————————————

## BEHZAD KHALILNIA, APPELLANT

## V.

## FEDERAL HOME LOAN MORTGAGE CORPORATION, APPELLEE

**On Appeal from County Civil Court at Law Number One**
**Harris County, Texas**
**Trial Court Cause No. 1005416**

## MEMORANDUM OPINION

This is an appeal from a final summary judgment in an action for forcible detainer, in which the trial court awarded possession of a residence located at 2308 Woodland Park Drive, in Houston, to the Federal Home Loan Mortgage Corporation (FHLMC). Behzad Khalilnia appeals, contending that the trial court: (1) improperly considered certain summary judgment evidence; (2) erred in

granting summary judgment, because fact issues exist regarding whether FHLMC demanded possession and whom has the superior right to possession; (3) lacked jurisdiction, because Behzad's wife, Olga, was a necessary and indispensable party; and (4) abused its discretion in issuing an overbroad judgment that applies to Olga, who is not named in the suit. We hold that the trial court did not abuse its discretion in considering the challenged summary judgment evidence, the trial court properly granted summary judgment, and Behzad waived his objection to Olga's absence. We therefore affirm.

## Background

Behzad, as the sole grantor on a deed of trust on his and his wife's home, defaulted on the note it secured. The property became the subject of a non-judicial foreclosure sale. FHLMC purchased the property at the sale in August 2010. Behzad and his family remained on the property after the foreclosure sale as tenants at sufferance. Thereafter, FHLMC entered into a month-to-month residential lease agreement with Behzad and Olga Khalilnia. The lease provided that either party could terminate the lease by providing thirty days' written notice. The lease provided that any notice to the Khalilnias was to be sent to the "Tenant at the Property" by mail or hand-delivery, and was effective from the time notice was sent.

2

September 13, 2011, FHLMC exercised its right to terminate the lease agreement and notified the Khalilnias that they had to surrender the property in thirty days. Its agent, Felicia Brain, sent the notice via certified and first class mail, addressed to "Behzad Khalilnia And/or All Current Occupants Of [the property]." The notice sent by certified mail was delivered on September 27, 2011. On October 24, FHLMC sent notice to the Khalilnias that they had to vacate the Property within three days after receipt of the notice. This notice, too, was sent by certified and first class mail and addressed to "Behzad Khalilnia and/or all occupants of [the property]." The certified mail notice was returned unclaimed, but the first class mail notice was not returned.

When the Khalilnias failed to surrender the premises, FHLMC sued in the justice court for forcible entry and detainer, naming "Behzad Khalilnia And All Occupants of [the property]" as defendants. It secured a ruling in its favor. Behzad sought de novo review in the county civil court at law, which granted summary judgment in favor of FHLMC.

## Discussion

### I. Admissibility of Summary Judgment Evidence

Behzad first contends that the October 24, 2011 notice to vacate and copies of the envelopes in which it was sent to Behzad are hearsay and thus the trial court improperly considered them as summary judgment evidence. Summary judgment

3

evidence must be presented in a form that would be admissible at trial. *Friday v. Grant Plaza Huntsville Assocs.*, 713 S.W.2d 755, 756 (Tex. App.—Houston [1st Dist.] 1986, no writ). We review a trial court's decision to admit or deny summary judgment evidence under an abuse of discretion standard. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002). We must uphold an evidentiary ruling if there is any legitimate basis for it. *Malone*, 972 S.W.2d at 43.

Texas Rule of Evidence 803(6) provides that a business record is not excluded from evidence by the hearsay rule if it is:

> in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation . . . by affidavit that complies with Rule 902(10)

TEX. R. EVID. 803(6). Rule 902(10) sets out a form of affidavit to be used with business records under rule 803(6). TEX. R. EVID. 902(10). Rule 902(10) further provides that the form set out in the rule is not exclusive. *Id.* An affidavit that substantially complies with the form of affidavit set out in the rule will suffice. *See Fullick v. City of Baytown*, 820 S.W.2d 943, 944 (Tex. App.—Houston [1st Dist.] 1991, no writ).

The documents to which Behzad objects were accompanied by an affidavit from Berain, who averred that she was the custodian of those records. She further averred that she was providing the records as the custodian; that she had personal knowledge of the information contained in the records; that the records were made in the regular course of business; and that it was the regular practice of the business to keep such records. The affidavit therefore substantially complies with Texas Rule of Evidence 902(10) by averring to facts that satisfy Rule 803(6). *See Fullick*, 820 S.W.2d at 944. We hold that the trial court did not abuse its discretion in admitting this evidence under the business records exception to the hearsay rule.

## II. Summary Judgment

### A. Standard of Review

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and the movant is thus entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

5

Traditional summary judgment is proper only if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A genuine issue of material fact exists if the non-movant produces more than a scintilla of probative evidence regarding the challenged element. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also Forbes Inc. v. Granada Bioscis, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003) ("More than a scintilla of evidence exists if it would allow reasonable and fair minded people to differ in their conclusions."). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

When, as here, "a trial court's order granting summary judgment does not specify the grounds relied upon, [we] affirm the summary judgment if any of the summary judgment grounds are meritorious." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). If the appellant fails to negate every possible ground upon which the judgment may have been granted, an appellate court must uphold the summary judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

## B. Proper Notice to Vacate

Behzad contends that FHLMC failed to show that he had received the notice to vacate, and further that the notice to vacate failed to name Olga, who had been named in the earlier lease. A person entitled to possession of the property must comply with the requirements for notice to vacate under Property Code Section 24.005. TEX. PROP. CODE ANN. § 24.002(b) (West 2011). Section 24.005 provides that the owner give the notice in person to any person residing at the premises or send it by mail to the premises in question. TEX. PROP CODE ANN. § 24.005(f). Such a notice may be sent by regular mail, by registered mail, or by certified mail to the premises in question. *Id.* A letter, properly addressed, stamped, and mailed, raises a rebuttable presumption that the addressee received the letter. *Southland Life Ins. Co. v. Greenwade*, 159 S.W.2d 854, 857 (Tex. 1942); *Mayad v. Rizk*, 554 S.W.2d 835, 838 (Tex. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). To rebut the presumption, a tenant must adduce evidence that the letter was not delivered. *Sudduth v. Commw. Cnty. Mut. Ins. Co.*, 454 S.W.2d 196, 198 (Tex. 1970).

Berain averred that she mailed the notice by both certified and first class mail. In her affidavit, she incorporated and attached a copy of the first class mailer used to mail the notice. The first class mailer is properly addressed to Behzad and stamped with prepaid postage. Berain further averred that the first class mailer was

unreturned. Taken together, the affidavit and attachments reflect that the notice letter was properly addressed, stamped, and mailed, raising a rebuttable presumption that Behzad received it. *See Greenwade*, 159 S.W.2d at 857. Behzad has presented no evidence to rebut that presumption. As a result, he has not raised a fact issue about delivery. *See Sudduth*, 454 S.W.2d at 198.

His second contention, that the notice did not identify his wife as a tenant, is similarly without merit. A notice to vacate need not be so specific. The Texas Property Code instead permits notice to be personally delivered "to the tenant or any person residing at the premises" or delivered by mail "to the premises in question." TEX. PROP. CODE ANN. § 24.005(f). Neither method requires that a notice specifically address particular occupants. Rather, the statute's broad language about the acceptable recipients of notice permits a general notice to the occupants of the property.

The notice that FHLMC sought possession of its property was addressed to the property and was presumed delivered, and it was addressed not solely to Behzad, but to "all occupants." Accordingly, we hold that Behzad has failed to raise a fact issue about the delivery or sufficiency of the notice to vacate.

## C. Superior Right to Possession

Behzad next contends that, because FHLMC did not identify Olga in its notice to terminate the lease, the lease remains in effect as to her. Olga is not a

8

party to this suit, but Behzad contends that he may occupy the home as Olga's guest and derives a right of possession from her. The construction of an unambiguous lease is a question of law for the court. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). We interpret a lease according to the general rules of construction of written instruments, and use the plain and ordinary meaning of the lease to determine the parties' intent. *Id.* We will not construe a contract to achieve an absurd result. *Lane v. Travelers Indem. Co.*, 391 S.W.2d 399, 402 (Tex. 1965).

Section four of the lease agreement requires written notice of termination at least thirty days before the date of termination, and the lease further provides that all notices are to be sent to the "Tenant at the Property." Together, these provisions require that the landlord provide adequate notice of its intent to terminate the lease. The provisions do not require a separate notice expressly naming each tenant at the property or that each tenant be named in the notice. Absent any evidence that Olga lacked actual notice that FHLMC had terminated the lease, we will not strain to interpret the lease to provide for separate notice requirement when the tenants are married and reside at the same address. *See Lane*, 391 S.W.2d at 402. The notice provided that it was terminating the lease as to "all occupants" of the property and specified that it was a notice of termination within the meaning of section four of the lease agreement. Because the notice of termination satisfies the requirements of section four of the lease agreement, Olga has no greater right to possession than

Behzad. We therefore reject Behzad's contention that he may occupy the property as Olga's guest.

### III. Necessary Party

Behzad next contends that his wife Olga was a necessary party to this suit, and thus, the trial court lacked jurisdiction in light of FHLMC's failure to specifically name Olga as a party or move to join her. A party must object to the absence of a necessary party either by a verified plea in abatement, or, if the error is apparent on the face of the petition, by special exception. *Citizens Bldg., Inc. v. Azios*, 590 S.W.2d 569, 572 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Failure to do so waives any defect in the parties. *Azios*, 590 S.W.2d at 572; *Seaman v. Neel*, 480 S.W.2d 430, 438 (Tex. Civ. App.—Corpus Christi 1972, writ ref'd n.r.e.) ("A defendant may not complain on appeal of the non-joinder of a proper party when he could have impleaded the party himself."). Raising a parties defect challenge in the response to a motion to dismiss does not preserve the issue for review. *Truong v. City of Houston*, 99 S.W.3d 204, 216–17 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Behzad made no attempt to join Olga, either in the justice court or in the county court at law. He raised the challenge to her non-joinder only in his response to FHLMC's motion for summary judgment. Therefore, Behzad waived any objection to her non-joinder and cannot complain of it on appeal. *See Truong*, 99

10

S.W.3d at 216–17; *Seaman*, 480 S.W.2d at 438. Regardless, the question of joinder is not one of jurisdiction but of whether the court ought to proceed with those who are present. *Cooper v. Tex. Gulf Indus., Inc.*, 513 S.W.2d 200, 203–04 (Tex. 1974); *McCarthy v. George*, 618 S.W.2d 762, 763 (Tex. 1981).

## IV.    Scope of the Judgment

Finally, Behzad contends that the trial court erred in failing to modify the judgment to award FHLMC possession only against Behzad, and not Olga. Behzad's argument is based on section 24.0061(d)(2)(B) of the Texas Property Code, which provides that a writ of possession should order an officer executing the writ to "instruct the tenant and all persons claiming under the tenant to leave the premises immediately." TEX. PROP. CODE ANN. § 24.0061(d)(2)(B). The same section provides that the writ of possession should order the officer to "deliver possession of the premises to the landlord." *See* TEX. PROP. CODE ANN. § 24.0061(d)(2)(A). On execution, therefore, a writ of possession extinguishes all but the landlord's right to possess the premises. Behzad's contention—that tenants who are not identified in the judgment may retain possession of the premises after the landlord is granted a writ of possession—is contrary to the statute. Section 24.0061(a) provides that a "landlord who prevails in an eviction suit is entitled to a judgment for possession of the premises." TEX. PROP. CODE ANN. § 24.0061(a).

The judgment in this case thus properly orders that FHLMC is granted a judgment of possession of the property.

## Conclusion

We conclude that the trial court properly considered the notice to vacate and the copies of the envelopes in which it was sent as valid summary judgment evidence, and properly granted summary judgment. We further conclude that Behzad waived any objection to the lack of joinder of his spouse. Finally, we conclude that the trial court's judgment was proper and not too broad. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.