## STONE v. KING.

### No. 11094.

Court of Civil Appeals of Texas. Galveston.

July 31, 1941.

Rehearing Denied Oct. 2, 1941.

. Lynne Tamborello and Billye N. Russell, both of Houston, for appellant.

Masterson & Bryan and Carlos B. Masterson, all of Angleton, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a trespass to try title suit brought by appellant, J. W. Stone, to recover, from appellee, H. A. King, the title to and possession of 20 acres of land in Brazoria County, Texas.

In addition to the formal averments of a trespass to try title suit, appellant alleged that a sheriff's deed under which appellee claimed title to the land in controversy was void and insufficient to support a sale of said land. Appellee answered by general denial, exceptions, and a plea of not guilty. He specially pled the 3, 4 and 5-year statutes of limitation.

In a trial before the court, without a jury, the court denied appellant the recovery prayed for. Findings of fact and conclusions of law were filed by the trial court. They were excepted to by appellants.

It was stipulated by the parties that Frank Landreth was the common source of title and that he held a good and merchantable title to said land under a regular chain of transfers from the State of Texas. Appellant relies upon, and introduced in evidence, as his chain of title under the common source, a deed from Frank Landreth to Henry Landreth; the will of Henry Landreth, deceased, and quitclaim deeds from the beneficiaries under Henry Landreth's will conveying the land in controversy to him. Appellee introduced in evidence as his chain of title under the common source, the deed from Frank Landreth to Henry Landreth, the judgment rendered in cause No. 23572, styled "State of Texas v. Henry Landreth et al.", rendered February 12, 1940, which was brought by the State of Texas to recover delinquent taxes due on the land in controversy in the amount of $192.36; the order of sale under said judgment and the sheriff's deed under said order of sale, dated May 27, 1932, conveying said land to appellee for a recited consideration of $150. Appellee was recited to have been the highest bidder at said sale. The citation in said tax suit was by publication. It named as defendants Henry Landreth, whose place of residence was alleged to be unknown, his unknown heirs and legal representatives. Both said citation and the notice of the sheriff's sale under said judgment were served by posting both the citations and notices in three public places in Brazoria County. This suit was filed on October 22, 1937.

Appellant in his assignments of error and in the propositions thereunder, presents two main reasons why said tax judgment and the sale thereunder, under which appellee claims title, should be set aside: (1) For the alleged reason that the citation in said tax suit and the sheriff's notice of sale under the tax judgment, instead of having been published in a newspaper published in Brazoria County, were posted in three public places in said county, and (2) because the property was sold to an individual bidder for an amount less than the amount of the judgment and costs in alleged violation of Article 7328, R.C.S.1925, Vernon's Ann. Civ.St. art. 7328, requiring the officer holding a tax sale to bid the property in for the State of Texas up to the amount of the state's judgment and all costs incurred. Neither of these contentions can be sustained.

Article 7342, R.C.S.1925, which provides a method for the service of citation upon nonresident and unknown owners, in force at the time of the sale in question, contains the following provisions: " * * * which notice shall be signed by the clerk and shall be published in some newspaper published in said county one time a week for three consecutive weeks. If there is no newspaper published in the county, then notice may be given by publication in a paper in an adjoining county. *. * * If the publication of such citation cannot be had for such fee, then publication of the citation herein provided may be made by posting a copy at three different places in the county, one of which shall be at the court house door * * *". Article 3808, R.C.S.1925, which provides a method for the publication of notices for the sale of real estate under execution, provides: "* * * If there be no newspaper published in the county, or none which will publish the notice of sale for the compensation herein fixed, the officer shall then post such notice in writing in three public places in the county, one of which shall be at the court-house door of such county, for at least twenty (20) days successively next before the day of sale. * * *"

The only question involved under appellant's first contention is whether the publisher of a newspaper in Brazoria County would publish the citation in said tax suit for the fee provided in said Article 7342 and the notices of the sale thereunder for the compensation fixed under said Article 3808.

Mr. G. B. Harris, the owner and publisher of the Angleton Times, a newspaper pub-

lished in Brazoria County, testified that he was at all times willing and able to publish citations in tax cases and notices of tax sales if the properties involved were bought in by the State and their lien for their costs preserved to them, but that he and the other publishers of newspapers in Brazoria County had declined to publish citations and notices if the properties were going to be sold to private bidders for amounts insufficient to satisfy the costs. He stated, however, that he had on one occasion signed a statement, refusing to publish tax notices of any character. Mr. Floyd Enloe, who was county attorney of Brazoria County at the date said notices were published, testified that he had contacted Mr. Harris, as well as the owners and publishers of the other two newspapers in Brazoria County prior to the posting of said citations and notices of tax sale, and that they had refused to either publish such citations or said notices of sale.

The trial court found on this conflicting evidence that the newspapers refused to publish the citations and notices of sale in tax suits for the statutory compensation. Under above finding the officers in charge of the publication of said citations and notices were fully authorized to pursue the course adopted by them under said articles 7342 and 3808.

Appellant contends that under the provisions of Article 7328, R.C.S.1925, Vernon's Ann.Civ.St. art. 7328, it is the duty of officers holding a tax sale to bid the property in for the State of Texas up to the amount of the State's judgment and all costs incurred, and that upon their failure to do so, a sale to an individual bidder for a less amount is void and insufficient to pass title. Said Article 7328 provides that: "* * * If there shall be no bidder for such land the county attorney, sheriff or other officer selling the same, shall bid said property off to the State for the amount of all taxes, penalty, interest and costs adjudged against such property, * * *".

The trial court found upon sufficient evidence that appellee purchased the land involved in this suit at said foreclosure sale without any notice or knowledge of any irregularity or infirmity in the procedure in reliance upon the apparent regularity of the judgment, order of sale, notice of sale, and all other proceedings in said tax suit. He found as a fact that the market value of the land did not exceed $210 at the time of the judgment and sale. He found that ap-

pellee's bid of $150, for which the property was purchased was the highest bid made at said sale.

 It has been uniformly held by the courts of this State that the purchaser at an execution sale is not bound, nor is his purchase affected by irregularities committed by the officer making the sale, where such irregularities have taken place without concurrence or participation of the purchaser; that if the sheriff sells without authority the title will not pass, but if he does not strictly pursue the authority which he possesses, the title passes and the person injured by the irregularities will be left to his remedy against the sheriff. Howard v. North, 5 Tex. 290, 51 Am.Dec. 769.

Further, it has been uniformly held that in the foreclosure sales, the insufficiency of the bid affords no ground for striking down the sale (Brinkman v. Tinkler, Tex.Civ.App., 117 S.W.2d 139), and that such facts establish a vendee as an innocent purchaser for value. Love v. R. S. Allday Supply Co., Tex.Civ.App., 106 S. W.2d 830.

Under above authorities, we think that said tax sale was sufficient to divest the title of appellant's predecessors in title.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed. It is so ordered.

Affirmed.