736 P.2d 824

OMEGA II INVESTMENT COMPANY, Plaintiff/Appellee,

v.

Gordon K. McLEOD and Charlotte E. McLeod, his wife, Defendants/Appellants.

No. 2 CA–CV 5921.

Court of Appeals of Arizona, Division 2, Department B.

March 12, 1987.

Review Denied May 12, 1987.

Howard H. Karman, Casa Grande, for plaintiff/appellee.

Law Offices of Otto H. Linsenmeyer by Frank E. Dickey, Jr., Phoenix, for defendants/appellants.

LACAGNINA, Judge.

On November 6, 1980, Gordon K. McLeod and Charlotte E. McLeod purchased a parcel of real property, relying upon the seller's assurances that the taxes on the property were current. In 1982 Omega II Investment Company purchased the same parcel at a delinquent tax sale and filed an action to quiet title to the property. Following a check for their whereabouts in the Casa Grande City Directory and area telephone company records, Omega made service upon McLeods by publication. In 1985, having failed to receive a tax bill, McLeods checked the status of their property and learned that a default judgment had been entered against them in 1983, foreclosing their right to redeem the property.

McLeods appeal the trial court's denial of their motion to set aside the judgment under Rule 60(c), Ariz.R.Civ.P., 16 A.R.S., arguing that Omega failed to show due diligence in its attempts to locate them to effect personal service. We agree that due diligence was not shown in this case, and we reverse because in all cases involving rights to real property, in addition to other reasonable efforts, a party exercising due diligence should examine the public records maintained by the county recorder and treasurer covering the specific property involved before resorting to service by publication.

The following facts support our decision:

1. Omega states in its affidavit of publication that it checked only the Casa Grande City Directory and area telephone company records in an attempt to locate the McLeods.

2. The Pinal county recorder's records showed McLeods' Michigan address on the property deed.

3. McLeods state in their affidavit they have lived at the Michigan address since before they acquired the property, up to the time of their Rule 60(c) motion.

It is well settled that a finding of due diligence prior to service by publication is a jurisdictional prerequisite. *Preston v. Denkins*, 94 Ariz. 214, 382 P.2d 686 (1963). Where the location of record owners of property was readily available, courts have uniformly held that the trial court lacked jurisdiction when the party attempted service by publication because "the condition giving a plaintiff the right to invoke [service by publication] did not exist." *Id.* at 220, 382 P.2d at 691, quoting *Gordon v. Gordon*, 35 Ariz. 357, 368, 278 P. 375, 379 (1929). When an opposing party shows information concerning his address to be readily available, as defendants did in this case, it defeats a claim of due diligence. *See Wells v. Valley National Bank of Arizona*, 109 Ariz. 345, 509 P.2d 615 (1973). *Compare Saucedo v. Engelbrecht*, 149 Ariz. 18, 20, 716 P.2d 79, 81 (App.1986).

Reversed and remanded for proceedings consistent with this opinion.

LIVERMORE, P.J., and FERNANDEZ, J., concur.