798 P.2d 395

Albert C. SPRANG, an unmarried man, Defendant–Appellant,

v.

PETERSEN LUMBER, INC., Plaintiff In Intervention–Appellee.

No. 1 CA–CV 88–577.

Court of Appeals of Arizona, Division 1, Department B.

March 27, 1990.

Reconsideration Denied May 8, 1990.

Review Denied Oct. 2, 1990.

Frost & Porter by G. Terris Porter, Show Low, for defendant-appellant.

Mangum, Wall, Stoops & Warden by Robert W. Warden, Flagstaff, for plaintiff in intervention-appellee.

## OPINION

CLABORNE, Presiding Judge.

Sprang filed this appeal seeking review of the trial court's grant of summary judgment in favor of Petersen Lumber, Inc. (Petersen Lumber). The trial court found that Petersen Lumber was the true owner of ten acres of property in Navajo County, free and clear of any claim of Sprang or any person or entity claiming under him. Because we find that Sprang is the only party who holds a valid interest in the property, we reverse and remand with instructions to enter partial summary judgment in favor of Sprang.

## I. FACTS AND PROCEDURAL BACKGROUND

In December 1979, Albert Sprang (Sprang) sold ten acres of property in Navajo County to Madrid Industries, Inc. (Madrid) for $135,000. Sprang took a beneficiary's interest in the deed of trust as security for deferred payment of the purchase price. Madrid subsequently defaulted on the obligation. Sprang initiated an action in Navajo County to foreclose Madrid's interest in the property. On March 27, 1986, Sprang obtained a sheriff's deed

to the property, which was recorded on April 17, 1986.

When Madrid had possession of the property, it failed to pay the property taxes. Based on A.R.S. § 42–387, the county treasurer published notice that because taxes on the property were delinquent, the property would be sold at a public auction. Sprang did not receive actual notice of the tax sale as required by A.R.S. § 42–387(C). Western States Development Co. (Western States) purchased the property on February 12, 1986, for $5,838.47, the amount of delinquent taxes.

On April 21, 1986, Western States initiated an action in Coconino County against Madrid, Sprang, the Internal Revenue Service, the Arizona Department of Revenue, and several other parties to foreclose their right to redeem the property. Western States accomplished personal service on Madrid, the Internal Revenue Service, and the Arizona Department of Revenue. Western States attempted to serve Sprang personally. It mailed the summons and complaint to Sprang's post office box. It also requested the sheriff of Mohave County to locate Sprang. The sheriff's affidavit indicated that he went to Sprang's house in Mohave County, but the house was vacated. The sheriff made no further efforts to find Sprang. Western States thereafter published the summons in the Arizona Daily Sun in Flagstaff.

Western States obtained judgments against the Internal Revenue Service and the Arizona Department of Revenue. After a hearing on Western State's application for entry of default judgment against Madrid and Sprang, the court entered default judgments against them on October 20, 1986.

In May 1987, Western States sold the property to Petersen Lumber for $60,000. Petersen Lumber received a quitclaim deed to the property and obtained a title insurance policy which did not indicate any outstanding interest of Sprang.

Sprang first learned of Petersen Lumber's possession of the property in June 1987. On June 30, 1987, Sprang moved to set aside the default judgment entered

against him by Western States. Sprang argued that the default judgment was void for insufficient service of process. The court granted Sprang's motion to set aside the default on July 24, 1987. Sprang then redeemed the property by paying the taxes on it and received a certificate of redemption from the Navajo County Treasurer which was recorded on August 25, 1987. Sprang also offered to pay Western States' attorney fees in the foreclosure action.

Petersen Lumber moved to intervene in Western State's action against Sprang on the ground that it had a valid interest in the property as a bona fide purchaser for value. Judge Mangum granted Petersen Lumber's motion to intervene on August 24, 1987.

On October 16, 1987, Western States moved to amend its complaint to request the court to declare Petersen Lumber the true owner of the property because it was a bona fide purchaser and had a right to rely on the validity of the judgment at the time of purchase. The court granted the motion to amend. In his answer to the amended complaint, Sprang denied that Petersen Lumber was a bona fide purchaser because Western States could not have conveyed valid title to Petersen Lumber because the default judgment was void, and therefore the treasurer's deed was void. Sprang also filed a counterclaim against Madrid and Petersen Lumber to quiet title in the property.

Petersen Lumber filed a motion for summary judgment arguing that it, as an innocent third party purchaser for value, was entitled to fee simple title. Sprang filed a motion for partial summary judgment arguing that because the default judgment entered against him was void, Petersen Lumber could not have received valid title to the property. Therefore, Sprang contended that he was entitled to recover the property.

The trial court granted Petersen Lumber's motion for summary judgment, denied Sprang's motion for partial summary judgment, and declared Petersen Lumber the owner of the property, free and clear of

any claim of Sprang. Sprang filed a timely notice of appeal.

In reviewing the grant of a motion for summary judgment, this court views the facts, evidence, and all reasonable inferences drawn from the evidence in favor of the party against whom summary judgment was entered. *Cecil Lawter Real Estate School, Inc. v. Town & County Shopping Center Co.*, 143 Ariz. 527, 694 P.2d 815 (App.1984).

## II. DISCUSSION

Sprang raises three arguments on appeal:

(1) that the trial court erred in granting summary judgment in favor of Petersen Lumber because a void judgment which had been set aside by the trial court should not be given effect to forfeit Sprang's property after Sprang redeemed it;

(2) that the trial court erred in giving effect to the void judgment because the judgment amounts to a taking of Sprang's property without due process; and

(3) that the trial court erred in granting summary judgment in favor of Petersen Lumber because an issue of fact exists as to whether Petersen Lumber was a bona fide purchaser of the property.

To resolve the first argument, we must determine: (A) whether the default judgment entered against Sprang was void due to insufficient service of process; (B) if so, whether the treasurer's deed issued pursuant to that judgment was void; (C) whether Petersen Lumber obtained an interest in the property when it purchased the property from Western States; and (D) whether Sprang's redemption of the property was valid. Because resolution of the first argument is determinative of the matter on appeal, we do not reach Sprang's second and third arguments.

### A.

Is the default judgment entered against Sprang void because of insufficient service of process by Western States on Sprang?

When Western States initiated its action against Sprang, it mailed a copy of the summons and complaint to a post office box in Riviera, Arizona, Sprang's address as listed on the tax records of Navajo County. Sprang testified he never received them. Western States also requested the Mohave County sheriff to attempt personal service on Sprang. The sheriff went to Sprang's house in Riviera, but the house was vacant. The sheriff's affidavit indicated he made no other attempts to locate Sprang. Western States then attempted service by publishing the summons in the Arizona Daily Sun in Flagstaff, Coconino County, for four consecutive weeks, beginning on July 2, 1986.

In its affidavit of service by publication, filed after the summons was first published, Western States indicated that Sprang's residence was unknown and that, "after the exercise of due diligence," it had been unable to ascertain his whereabouts. This affidavit was insufficient. Before resorting to service by publication, a party must file an affidavit setting forth facts indicating it made a due diligent effort to locate an opposing party to effect personal service. *Omega II Investment Co. v. McLeod*, 153 Ariz. 341, 342, 736 P.2d 824, 825 (App.1987); Rule 4(e)(3), Arizona Rules of Civil Procedure. A "due diligent effort" requires such pointed measures as an examination of telephone company records, utility company records, and records maintained by the county treasurer, county recorder, or similar record keepers. *Id. See also Preston v. Denkins*, 94 Ariz. 214, 222–23, 382 P.2d 686, 892–93 (1963). Western State's affidavit failed to show that it exercised due diligence to locate Sprang. Interestingly, the record reflects that Sprang had been a resident of Mohave County but had moved to Lakeside, Navajo County, Arizona, where the *property* was located. Service by publication was attempted only in Coconino County. At all times material, Sprang was a resident of either Mohave or Navajo County. The record on appeal indicates that the postal service records, the utility company records, and the records at the Navajo County Assessor's office would have revealed information concerning

Sprang's current address. Thus, sufficient information was available from which Western States, with the exercise of due diligence, could have obtained Sprang's current address.

A finding of due diligence prior to service by publication is a jurisdictional prerequisite. *Omega II Investment Co. v. McLeod*, 153 Ariz. at 342, 736 P.2d at 825 (citing *Preston v. Denkins*, 94 Ariz. 214, 382 P.2d 686 (1963)). Thus, if the affidavit fails to indicate that due diligence was exercised to locate the defendant, the default judgment is void on its face for lack of jurisdiction. *Cooper v. Commonwealth Title*, 15 Ariz.App. 560, 564, 489 P.2d 1262, 1266 (1971). *See also Wells v. Valley Nat. Bank*, 109 Ariz. 345, 346, 509 P.2d 615, 616 (1973). The trial court properly set aside the default judgment entered against Sprang on October 20, 1986.

### B.

When the trial court entered the default judgment against Sprang, it ordered that a treasurer's deed to the property be issued to Western States. A treasurer's deed usually conveys a new and complete title under an independent grant from the sovereign, free of any prescriptive title and all other liens and encumbrances. *Allied American Inv. Co. v. Pettit*, 65 Ariz. 283, 179 P.2d 437 (1947).

In this case, however, the treasurer's deed conveyed nothing. When a judgment is void, the execution of the judgment is void, and title to land does not pass. *Lincoln–Mercury–Phoenix, Inc. v. Base*, 84 Ariz. 9, 13, 322 P.2d 891, 894 (1958).

In *Lincoln–Mercury–Phoenix, Inc. v. Base*, Lincoln-Mercury-Phoenix, Inc. sued Base for collection of a debt. *Id.* at 11, 322 P.2d at 892. The plaintiff hired a private process server who stated in the return of service that he had personally served the defendant. *Id.* Defendant failed to appear in the action. *Id.* Therefore, the court entered a default judgment against her. *Id.* Pursuant to the default judgment, a general writ of execution was issued on a piece of defendant's property in Phoenix.

*Id.* at 11, 322 P.2d at 893. The sheriff sold the property to the plaintiff at a public auction for the amount due on the judgment, and issued a certificate of sale. *Id.*

Several months later, the defendant filed a motion to set aside the sheriff's sale. *Id.* at 12, 322 P.2d at 893. To support her motion, she filed an affidavit stating that she had not been properly served because the person who had accepted service was not her agent and had not forwarded the summons and complaint to her. *Id.* The trial court found that Base had not been properly served, and set aside the sheriff's sale and deed issued thereto. *Id.* The trial court also ordered the clerk to pay Lincoln–Mercury–Phoenix, Inc. the sum of $415.68, which Base had previously deposited with the clerk, in settlement of Lincoln–Mercury–Phoenix, Inc.'s original claim against Base.

On appeal, the supreme court held that Base had no notice of the action, and that without notice, the trial court lacked jurisdiction. *Id.* Therefore, the judgment upon which the execution sale was based was void and subject to attack at any time. *Id.* The supreme court further held that because the default judgment entered against Base was void, the execution was void and title to the land did not pass to Lincoln–Mercury–Phoenix, Inc. *Id.* The supreme court also upheld the portion of the judgment requiring the clerk to pay Lincoln–Mercury–Phoenix, Inc. the amount of $415.68. *Id.*

Applying the decision in *Lincoln–Mercury–Phoenix, Inc. v. Base*, we conclude that the treasurer's deed issued to Western States on November 16, 1986, based on a void default judgment, conveyed nothing to Western States.

### C.

Since the default judgment was void because no jurisdiction was obtained over Sprang, and the conveyance based on the void judgment conveyed nothing, can Petersen Lumber assert that it still should prevail as a bona fide purchaser for value because it had no knowledge of the void judgment?

In May 1987, Western States executed a quitclaim deed conveying "all right, title, or interest" in the Navajo county property to Petersen Lumber. A quitclaim deed conveys no greater rights to the property than those possessed by the grantor. *See Lake Havasu Community Hosp. v. Arizona Title Ins. & Trust Co.,* 141 Ariz. 363, 372, 687 P.2d 371, 380 (App. 1984), *overruled on other grounds, Barmat v. John and Jane Doe Partners A–D,* 155 Ariz. 519, 524, 747 P.2d 1218, 1223 (1987). The fact that Western States conveyed the property by quitclaim deed rather than warranty deed does not prevent Petersen Lumber from asserting that it is a bona fide purchaser of the property. *Alexander v. O'Neil,* 77 Ariz. 91, 96–97, 267 P.2d 730, 733 (1954); *Phoenix Title & Trust Co. v. Old Dominion Co.,* 31 Ariz. 324, 336, 253 P. 435, 439 (1927).

Petersen Lumber's claim that it is a bona fide purchaser for value is misleading, because it assumes a fact that does not exist in this case. A bona fide purchaser for value is "any person *who acquires an interest in property* for a valuable consideration and without notice of any outstanding claims which are held against property by third parties." (Emphasis added.) 6A Powell, Real Property § 904(2)(b) (1988); *Davis v. Kleindienst,* 64 Ariz. 251, 257–58, 169 P.2d 78, 82–83 (1946).

In other words, a person who buys a real property interest buys that interest protected from claims of others if he pays "value" for it and has no "notice" that others claim some right to it. The point is that if one buys nothing, one is simply not a purchaser. In *Noble v. Kahn,* 206 Okla. 13, 240 P.2d 757 (1952), the Oklahoma Supreme Court responded to an argument similar to Peterson Lumber's:

> Plaintiff's third contention is untenable. From what we have already said it is obvious that the purchaser at the sheriff's sale obtained no title to the minerals, and having no title, none was conveyed by such purchaser to the grantee. The *doctrine of bona fide purchaser without notice does not apply where there is a total absence of title in the* vendor. *The good faith of a purchaser cannot create a title where none exists.* And the purchaser from one in whom title has been vested by a judicial decree is chargeable with notice of defects apparent on the face of the record in the proceedings in which the decree was entered.

*Id.* at 15, 240 P.2d at 759 (emphasis added) (citations omitted). *See also Cleary Petroleum Corp. v. Harrison,* 621 P.2d 528, 531 (Okla.1980); *Cooper v. Commonwealth Title,* 15 Ariz. App. at 564, 489 P.2d at 1266 (because judgment was void on its face for lack of jurisdiction, the court felt no need to address whether a subsequent purchaser obtained rights in the property).

Petersen Lumber cites numerous out-of-state cases for the proposition that the grantee of a tax sale purchaser is a bona fide purchaser for value of the property and is entitled to all right, title, and interest in the property. *See, e.g., Aluminum Co. of America v. Mineral Holding Trust,* 157 Tex. 54, 299 S.W.2d 279 (1956), *cert. denied,* 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed.2d 31 (1957); *Stone v. King,* 154 S.W.2d 521 (Tex.App.1941); *Klinger v. Milton Holding Co.,* 136 Fla. 50, 186 So. 526 (1938). In each of the cases, however, the court found that the judgment was *not* void.

Since the judgment against Sprang was void, the subsequent transfers conveyed nothing, and the doctrine of bona fide purchaser for value does not apply. Although we feel that this issue is determinative of this matter on appeal, we briefly discuss the other contentions of Petersen Lumber.

Petersen Lumber contends that certain legislative enactments protect the title of property acquired at a tax sale and sold to a third party where the third party takes the property for value without notice of any defects in the tax foreclosure proceedings. Petersen Lumber first cites A.R.S. § 33–455 to support its position that every conveyance of real property by an "officer legally authorized to sell such property by virtue of a decree or judgment of any court within this state, shall be effectual to pass absolute title to the property to the purchaser...." This statute,

however, contemplates a valid judgment. Whenever a judgment is void for lack of proper service, the execution issued pursuant to the judgment is void and title to property does not pass. *Lincoln–Mercury–Phoenix, Inc. v. Base,* 84 Ariz. at 13, 322 P.2d at 894.

■ Petersen Lumber next relies on A.R.S. § 12–1560 which governs the procedure by which a defendant may apply for a new trial when a judgment has been rendered on service by publication and defendant has not appeared. A.R.S. § 12–1560(A). Section 12–1560(B) permits a stay of execution of the judgment only if the defendant submits a bond in a particular amount. Section 12–1560(C) provides that when property has been sold under the judgment and execution before the process was stayed, the defendant, if he defeats plaintiff's action, shall not recover the property so sold, but shall have judgment against plaintiff for the proceeds of the sale. This statute does not apply to the present case. Again, the statute presupposes a valid judgment rendered on service by publication. Here, service by publication was not effective because Western States failed to show that it made a due diligent effort to locate Sprang. This finding of due diligence prior to service by publication is a jurisdictional prerequisite. *Omega II Investment Co. v. McLeod,* 153 Ariz. at 342, 736 P.2d at 825. When a court lacks jurisdiction over a party, any default judgment rendered against that party is void.

■ Petersen Lumber claims § 42–452 applies. Section 42–452 deals specifically with judgments foreclosing a tax lien. It provides that after entry of judgment the parties whose rights to redeem are foreclosed shall have no further interest in the property, either in law or equity. However, the right of appeal and to stay execution as in other civil actions remains. Petersen Lumber argues that § 42–452, by expressly stating that only a direct attack by way of appeal is sufficient to circumvent the "cut-off" provisions of the statute, implies that a collateral attack on any tax foreclosure judgment is not

sufficient to avoid the rule that a party whose right to redeem has been foreclosed has no further right, title, or interest in the property. Petersen Lumber's argument is wrong for two reasons. First, a judgment void for lack of jurisdiction is a legal nullity. *See generally* Restatement (Second) of Judgments § 65, comment b. Such a judgment cannot operate to foreclose a party's right to redeem. Second, Petersen Lumber's argument that a collateral attack is not sufficient to avoid the rule set forth in § 42–452 does not apply to this case. This particular action is a direct attack. The challenge to the integrity of a judgment in the action wherein the judgment is rendered is regarded as a direct attack. *See generally* 46 Am.Jur.2d *Judgments* § 632 (1969). Moreover, a void judgment may be attacked either directly or collaterally at any time within a reasonable time after entry of judgment. *Cooper v. Commonwealth Title,* 15 Ariz. App. at 562–63, 489 P.2d at 1264–65. Section 42–452 does not preclude an attack on a tax foreclosure judgment void on its face due to lack of jurisdiction.

During oral argument, Petersen Lumber cited *Imatani v. Marmolejo,* 606 S.W.2d 710 (Tex.App.1980), for the proposition that a defendant who was not served and did not appear in the action may not attack the validity of the judgment in a collateral attack. Under Arizona law, a void judgment may be set aside on either a direct attack or a collateral attack. *Cooper v. Commonwealth Title,* 15 Ariz. App. at 564, 489 P.2d at 1266. *See also Preston v. Denkins,* 94 Ariz. 214, 220–21, 382 P.2d 686, 690 (1963).

■ Petersen Lumber further argues that § 74 of the Restatement (Second) of Judgments provides that relief from a judgment will be denied if granting the relief will inequitably disturb an interest of reliance on the judgment. Section 74, however, specifically excludes §§ 65 and 66 dealing with default judgments.

Section 65 of the Restatement (Second) of Judgments provides that a default judgment rendered without jurisdiction over the parties is void, subject to attack without regard to time limits, and "may be treated

as wholly abortive." Restatement (Second) of Judgments § 65, comment b (1982). Because the judgment denies the party a fair opportunity to defend the action, it is unjust and no public purpose is served by protecting the judgment. *Id.* The Restatement provides, however, that relief from an invalid default judgment will be denied if: (1) the party seeking relief, after having actual notice of the judgment, manifested an intention to treat the judgment as valid; *and* (2) granting the relief would impair another person's substantial reliance on the judgment. Restatement (Second) of Judgments § 66. In the present case, Sprang did not manifest an intent to treat the judgment as valid. Instead, he acted promptly to set aside the default judgment once he learned Petersen Lumber had possession of the property.

### D.

█ Finally, after the default judgment was set aside, Sprang redeemed the property by paying the amount Western States paid for the property, plus interest. The Navajo County Treasurer issued Sprang a Certificate of Redemption, which was recorded on August 25, 1987. Section 42–421 provides that any person having a legal or equitable claim to property sold for delinquent taxes may redeem the property at any time before the expiration of three years from the date of sale or thereafter at any time before the delivery of the treasurer's deed to the purchaser by paying the amount for which the property was sold, plus the amount of taxes accruing after the date of sale, and interest. A.R.S. § 42–421(A). Western States apparently initially purchased the property in 1982 for the amount of delinquent taxes. It then paid $5,838.47 for the property on February 12, 1986. Western States brought the action to foreclose the rights to redeem in April 1986. Sprang redeemed the property on August 25, 1987. Sprang's redemption was valid pursuant to § 42–421 regardless of whether the three-year redemption period had expired. The treasurer's deed was void and could not operate to foreclose Sprang's right to redeem.

### III. CONCLUSION

The trial court had no jurisdiction to enter a default judgment against Sprang. Therefore, the judgment and all acts performed pursuant to the judgment are without legal effect.

Sprang's redemption of the property is valid pursuant to § 42–421 because the treasurer's deed was void and could not operate to foreclose Sprang's right to redeem. Because we find that Sprang is the only party who holds a valid interest in the property, we reverse the trial court and remand with instructions to enter partial summary judgment in favor of Sprang. The trial court may set the matter for further hearing on Sprang's complaint for recovery of rent and damages pursuant to A.R.S. §§ 12–1256 and 12–1259.

KLEINSCHMIDT and VOSS, JJ., concur.