NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAVID H. CAIN, an unmarried man, *Plaintiff/Appellant*,

*v.*

FIDELITY NATIONAL TITLE INSURANCE COMPANY; JOSEPH WARD
and KARI L. WARD, husband and wife; ELIZABETH MCGINNITY, an
unmarried woman; SNELL AND WILMER, L.L.P.; WILLIAM N.
POORTEN, III, and CONNIE L. POORTEN, husband and wife; ROBERT
C. GARCIA, an unmarried man; ANDREW JACOBS and SHELLA P.
JACOBS, husband and wife; COOPER & RUETER, L.L.P., an Arizona
L.L.P.; STEPHEN R. COOPER and KARA CRAMER-COOPER, husband
and wife; RAVEN II HOLDINGS, L.L.C., an Arizona limited liability
company; HANNA 120 HOLDINGS, L.L.C., an Arizona limited liability
company; CLYDE L. BAWDEN and JAYME BAWDEN, husband and
wife; CLYDE L. BAWDEN, Trustee of THE CLYDE LEE BAWDEN AND
JAYME BAWDEN REVOCABLE TRUST; FIRST AMERICAN TITLE
INSURANCE COMPANY; DOUGLAS J. THIEL and MARIA THIEL,
husband and wife; BINGHAM ARIZONA LAND, L.L.C., an Arizona
limited liability company; QUARLES AND BRADY, L.L.P., a Wisconsin
L.L.P.; CRAIG H. KAUFMAN and LAURA JANE KAUFMAN, husband
and wife; JEREMY A. LITE and SHARON J. LITE, husband and wife;
NORMAN MONTGOMERY and CHERYL MONTGOMERY, husband
and wife; LEVERAGED LAND CO., LLC, *Defendants/Appellees*.

No. 1 CA-CV 14-0594
FILED 11-17-2015

Appeal from the Superior Court in Maricopa County
No.  CV2010-052354
The Honorable Thomas L. LeClaire, Retired Judge

**AFFIRMED**

## COUNSEL

David H. Cain, Scottsdale
*Plaintiff/Appellant*

Gallagher & Kennedy, P.A., Phoenix
By Michael K. Kennedy, Mark C. Dangerfield
*Counsel for Defendants/Appellees Snell & Wilmer, LLP, William Poorten III, Connie Poorten, Andrew Jacobs and Shella Jacobs, and Robert C. Garcia*

Ramras Legal, PLC, Phoenix
By Ari Ramras
*Counsel for Defendants/Appellees Raven II Holdings, L.L.C., Hanna 120 Holdings, L.L.C., and the Bawden Defendants*

Lake & Cobb, P.L.C., Tempe
By Richard L. Cobb, Kiel S. Berry
*Counsel for Defendants/Appellees First American Title Insurance Company, Douglas J. and Maria Thiel, and Bingham Arizona Land, L.L.C.*

Cooper & Rueter, L.L.P., Casa Grande
By Stephen R. Cooper
*Counsel for Defendants/Appellees Cooper & Rueter, LLP and Stephen and Kara Cooper*

Gust Rosenfeld, P.L.C., Phoenix
By Scott A. Malm, Frank S. Tomkins
*Counsel for Defendants/Appellees Fidelity National Title Insurance Company, Joseph Ward, Kari L. Ward, and Elizabeth McGinnity*

Osborn Maledon, P.A., Phoenix
By Geoffrey M.T. Sturr, Thomas L. Hudson, Eric M. Fraser
*Counsel for Defendants/Appellees Quarles & Brady, LLP, Craig H. Kaufman and Laura Jane Kaufman, and Jeremy A. Lite and Sharon J. Lite*

Nussbaum Gillis & Dinner, P.C., Scottsdale
By David A. McCarville, Suzanne L. Diaz
*Counsel for Defendants/Appellees Leveraged Land Co., L.L.C., Norman and Cheryl Montgomery*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

**¶1**   David H. Cain ("Cain") appeals the summary judgment entered in favor of the defendants and the denial of his motion for summary judgment. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

#### A. Prior Litigation

**¶2**   Norman and Cheryl Montgomery, and Leveraged Land Company (collectively "LLC") filed a complaint in March 2005 against Michael Hodges ("Hodges") seeking to foreclose Hodges' right to redeem tax liens held by LLC, and to quiet title to the property. *Leveraged Land Co. v. Hodges* ("*Hodges I*"), 2 CA-CV 2006-0210, 2007 WL 5556356, at *1, ¶ 2 (Ariz. App. Aug. 8, 2007) (mem. decision). After Hodges was served by publication and failed to appear, LLC obtained a default judgment against him. *Id.* LLC subsequently sold the property to Raven II Holdings, L.L.C. and Hanna 120 Holdings, L.L.C. (collectively "Raven"), and Raven subsequently conveyed a partial interest in the property to Bingham Arizona Land, L.L.C. ("Bingham"). *Leveraged Land Co. v. Hodges* ("*Hodges III*"), 224 Ariz. 442, 445, ¶ 2, 232 P.3d 756, 759 (App. 2010).[1]

**¶3**   Hodges filed a motion for a new trial under Arizona Rule of Civil Procedure ("Rule") 59(j), arguing that because he was "ready, willing, and able to redeem the property," he had established good cause for a new trial.[2] *Hodges I*, 2 CA-CV 2006-0210, at *3, ¶ 10. In response, LLC successfully argued that Hodges was not "ready, willing, and able" to

---

[1] The opinion was vacated on other grounds in *Leveraged Land Co. v. Hodges (Hodges IV)*, 226 Ariz. 382, 249 P.3d 341 (2011).

[2] Rule 59(j)(1) provides that "[w]hen judgment has been rendered on service by publication, and the defendant has not appeared, a new trial may be granted upon application of the defendant for good cause shown by affidavit, made within one year after rendition of the judgment."

redeem because he had secured the funds from Cain, a third party. *Id.* at *1, 4, ¶¶ 3, 14. On appeal, the ruling was reversed and the case remanded "for further proceedings." *Id.* at *5, ¶ 19.

¶4        The trial court subsequently granted Hodges a new trial and the right to redeem the tax liens. *Leveraged Land Co. v. Hodges ("Hodges II")*, 2 CA-CV 2009-0057, 2009 WL 3087551, at *1, ¶ 4 (Ariz. App. Sept. 24, 2009) (mem. decision). And he redeemed the tax liens. *Hodges III*, 224 Ariz. at 445, ¶ 4, 232 P.3d at 759. Soon thereafter, LLC filed a complaint challenging the validity of the redemption. *Id.* Raven intervened, as did Cain, as Hodges' successor, because he had provided the funds for redemption and later acquired the property. *Hodges II*, 2 CA-CV 2009-0057, at *2, 6, ¶¶ 6, 19. Cain subsequently filed a third-party complaint against Bingham. Cain and Hodges then successfully filed a motion for summary judgment against LLC, and LLC appealed. *Id.* at *2, ¶ 7. The judgment was affirmed. *Id.* at *6, ¶ 20.

¶5        While *Hodges II* was pending, Hodges and Cain moved for summary judgment to quiet title against Raven and Bingham. *Hodges III*, 224 Ariz. at 445, ¶ 5, 232 P.3d at 759. After rejecting the arguments that Raven and Bingham were bona fide purchasers for value, the trial court granted the motion for summary judgment. *Id.* Raven and Bingham appealed, and the judgment was affirmed. *Id.* at 446, ¶ 9, 232 P.3d at 760.

**B. This Litigation**

¶6        Cain filed a complaint against several of the parties and lawyers ("Defendants") involved in the *Hodges I*, *II*, and *III* litigation in July 2010, alleging, among other things, wrongful institution of civil proceedings ("WICP"). *Cain v. Fidelity Nat'l Title Ins. Co.*, 1 CA-CV 10-0858, 2013 WL 988106, at *2, ¶ 7 (Ariz. App. Apr. 3, 2013) (amended mem. decision). The trial court dismissed the complaint for failure to state a claim. *Id.* at *3, ¶ 9. On appeal, we affirmed the dismissal of all claims except for the WICP claims, *id.* at *9, ¶ 33, because "the complaint sufficiently allege[d] Defendants lacked probable cause to institute or continue their claims against Cain." *Id.* at *6, ¶ 20.

¶7        On remand, the parties filed cross-motions for summary judgment on the issue of objective probable cause. The trial court granted summary judgment in favor of Defendants. We have jurisdiction over

4

Cain's appeal under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[3]

## DISCUSSION

**¶8**        The sole issue on appeal is whether the trial court erred by finding that there was objective probable cause for the prior litigation, a complete defense that bars the WICP claims. *See Carroll v. Kalar*, 112 Ariz. 595, 596, 545 P.2d 411, 412 (1976) (citations omitted).[4]  We review the grant of summary judgment de novo. *Chaplin v. Snyder*, 220 Ariz. 413, 418, ¶ 17, 207 P.3d 666, 671 (App. 2008) (citation omitted).  We view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Id.*  Summary judgment is appropriate where no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.*

**¶9**        To prove a WICP claim, a plaintiff must show the defendant (1) instituted a civil action, (2) that was motivated by malice, (3) begun without probable cause, (4) terminated in the plaintiff's favor, and (5) damaged plaintiff. *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 416-17, 758 P.2d 1313, 1318-19 (1988) (citation omitted).  The determination of whether probable cause exists is a "two-fold inquiry requiring consideration of both objective and subjective factors." *Wolfinger v. Cheche*, 206 Ariz. 504, 509, ¶ 26, 80 P.3d 783, 788 (App. 2003).  The objective-probable-cause factor focuses on whether the party filing the lawsuit reasonably believed he had a good chance of establishing his case to the satisfaction of the court.[5] *Chaplin*, 220 Ariz. at 423, ¶ 38, 207 P.3d at 676 (citing *Bradshaw*, 157 Ariz. at 417, 758 P.2d at 1319).  And where lawyers are

---

[3] We cite to the current version of the statute unless otherwise noted.

[4] Although the terms "malicious prosecution" and "wrongful institution of civil proceedings" are sometimes used interchangeably, the more appropriate legal term when the underlying case was a civil action is "wrongful institution of a civil proceeding," while "malicious prosecution" is the appropriate term where the underlying action is a criminal proceeding. *Lane v. Terry H. Pillinger, P.C.*, 189 Ariz. 152, 153 n.1, 939 P.2d 430, 431 n.1 (App. 1997).

[5] Quarles argues the test for determining objective probable cause is a modified version of the test used to determine whether a party complied with Rule 11.  However, in *Chaplin,* we reiterated that *Bradshaw* remains the controlling test, and our supreme court has not altered the test.  220 Ariz. at 421, ¶ 31, 207 P.3d at 674.

sued, the focus is whether a reasonably prudent lawyer would have instituted or continued the proceeding. *Id.* (citation omitted).

¶10        Cain alleges LLC, two attorneys at Quarles & Brady, L.L.P. (collectively "Quarles"), and Fidelity National Title, the title insurer who issued a policy for the LLC - Raven transaction, initiated and continued legal proceedings against him in *Hodges II*, knowing their actions were groundless. Specifically, he contends that because *Hodges I* gave Hodges the right to redeem the property, LLC and its lawyers did not have objective probable cause to subsequently challenge Hodges' redemption.

## A. *Hodges II*, Count I - Redemption Foreclosed

¶11        In the complaint, LLC first alleged that Hodges did not have a good faith defense when the original default judgment was entered, and, as a result, Hodges had no right or claim to the property. *Hodges II*, 2 CA-CV 2009-0057, at *1, ¶ 5. And in response to Cain's summary judgment motion, LLC explained its position by pointing out that Hodges had admitted that he lacked the funds to redeem the tax liens at the time of the default judgment. *Id.* at *3, ¶ 10.

¶12        Although *Hodges I* set aside the default judgment, Cain argues that it also resolved whether Hodges was entitled to redeem the tax liens without the need to first prove he had the ability to redeem them at the time the court entered default judgment. *Id.* at *1, ¶ 3. Nowhere in *Hodges I* did the court state that Hodges had the automatic right to redeem without first proving he had the ability to do so at the time of the default judgment; the decision merely set aside the default judgment and the matter was remanded for a new trial. *Hodges I*, 2 CA-CV 2006-0210, at *5, ¶ 19. In fact, in *Hodges II* we noted that *Hodges I* can be read to support the contention that "on remand Hodges was required to prove he was ready, willing, and able to redeem the tax liens . . . and that LLC was entitled to probe that ability through discovery and trial." *Hodges II*, 2 CA-CV 2009-0057 at *3, ¶ 11. As a result, because *Hodges I* did not preclude LLC from challenging Hodges' contention that he was ready, able, and willing to redeem the tax liens at the time of the default judgment, there was objective probable cause for LLC to challenge Hodges' right of redemption in Count I of its complaint.

## B. *Hodges II*, Count II – Void Redemption

¶13        LLC also alleged Hodges' redemption should be set aside as null and void because Hodges had conveyed the property to Cain before redeeming the tax liens. *Id.* at *5, ¶ 18. And LLC alleged that the result is

that Hodges lacked standing to redeem the liens under A.R.S. § 42-18151. *Id.* at *2, *5, ¶¶ 5, 18.

**¶14** Although summary judgment was entered in favor of Cain and Hodges and subsequently affirmed on appeal, *id.* at *1, ¶ 1, LLC and its successors did not have the details of the Hodges-Cain transaction when the complaint was filed. They knew from the record the deed conveying the property to Cain was dated March 14 and Hodges redeemed the property on March 19, which raised questions about Hodges' ownership of the property at the time of redemption. Moreover, Cain and Hodges refused to participate in discovery or be deposed, and, instead, submitted an affidavit signed by Hodges' attorney to factually support their motion for summary judgment. *Id.* at *6, ¶ 19. Consequently, because there was a factual question about whether Hodges owned the property when it was redeemed, LLC and its lawyers had objective probable cause to allege that the redemption was void.

## C. *Hodges III*

**¶15** Cain also alleges Raven and its attorneys at Snell & Wilmer, L.L.P. (collectively "Snell"), Bingham and its attorney at Cooper & Reuter, L.L.P. ("Cooper"), and First American Title Company, the title insurer, participated in the LLC lawsuit against him without probable cause, which resulted in *Hodges III*. We disagree.

**¶16** In response to the motion for summary judgment, Raven and Bingham argued they were bona-fide-purchasers for value and owned or had an interest in the property. *Hodges III*, 224 Ariz. at 445, ¶ 6, 232 P.3d at 759. Raven, the intervener, posited that at the time it purchased the land from LLC, Hodges merely had a potential interest in the property but had not actually asserted a claim to it. *Id.* And Bingham, the third-party defendant, added that it did not have notice because neither Hodges nor Cain recorded a lis pendens. *Id.*

**¶17** On appeal, we concluded that because LLC recorded its treasurer's deed, with the attached default judgment, it provided constructive notice to anyone looking at the property that the default judgment could be challenged. *Id.* at 446, ¶ 8, 232 P.3d at 760. And because LLC was aware "the judgment obtained would remain vulnerable to a Rule 59(j) motion for a new trial for up to one year," "the risk of disruptions to any subsequent conveyances of the foreclosed property [would fall] squarely on LLC and its successors-in-interest" if the property was

conveyed and the judgment was successfully challenged. *Id.* (quoting *Hodges II*, 2 CA-CV 2009-0057, at *5, ¶ 16).

**¶18** Although we found that Raven and Bingham had constructive notice of Hodges' interest in the property and were not bona fide purchasers, the lawyers for Raven and Bingham argue they had objective probable cause to bring the claim based on the facts of *Sprang v. Petersen Lumber, Inc.*, 165 Ariz. 257, 798 P.2d 395 (App. 1990). In *Sprang*, Western States Development Co. ("Western") acquired the property at a public auction after property taxes had not been paid. 165 Ariz. at 260, 798 P.2d at 398. Western filed a judicial foreclosure action, served the former owner Albert Sprang by publication, and obtained a default judgment. *Id.* Western sold the property to Petersen Lumber and, after Sprang learned that Petersen owned the property, he successfully set aside Western's default judgment because it was void for insufficient service of process. *Id.* After Sprang redeemed the property, Western filed a lawsuit claiming it was a bona fide purchaser for value, and Petersen Lumber intervened making the same claim. *Id.* The trial court granted Petersen Lumber's motion for summary judgment claiming it was an innocent third-party purchaser for value. *Id.* at 260-61, 798 P.2d at 398-399. We reversed the ruling on appeal after finding the service by publication was improper and, as a result, that the default judgment was void. Because the judgment was void, "the conveyance based on the void judgment conveyed nothing." *Id.* at 262, 798 P.2d at 400. Consequently, neither Western nor Petersen Lumber could be considered a bona fide purchaser for value. *Id.* at 263, 798 P.2d at 401.

**¶19** The lawyers obviously thought that *Sprang* turned on the fact that a party acquiring property acquired by a tax lien sale could be a bona fide purchaser for value if there was no challenge to service by publication and a determination that the default judgment was void. Although we subsequently found that Raven and Bingham were not bona fide purchasers for value for different reasons, *Hodges III*, 224 Ariz. at 445, ¶ 6, 232 P.3d at 759, given the record that suggested that Hodges transferred the property before redeeming it and that there was no challenge to service by publication, it was not objectively unreasonable for Raven, Bingham and their lawyers to believe they could prevail on the bona fide purchaser for value theory. They took their interest after reviewing the public record and finding the treasurer's deed with the attached judgment, and there was no indication that service by publication was inappropriate. Consequently, in light of *Sprang*, the attorneys for Raven and Bingham had a reasonable theory that their clients were bona fide purchasers for value.

¶20        Although the record does not reveal any consideration of Rule 59(j), it was not unreasonable for the lawyers to believe that Hodges could not demonstrate good cause to set aside the default judgment. Moreover, after listening to the oral argument, the trial court recognized the issues were "a dark area of the law" where there was need for guidance from our court or the supreme court. Therefore, because the lawyers for Raven and Bingham had a reasonable chance of establishing their case to the satisfaction of the court based on the then-current state of the facts and law, they had objective probable cause to institute and continue their claim. *See* Restatement (Second) of Torts § 675 (1977); W. Page Keeton et al., *Prosser and Keeton on Torts* § 120, at 893 (5th ed. 1984).[6]

## CONCLUSION

¶21        Based on the foregoing, we affirm the judgment.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[6] Because we have addressed and affirmed the summary judgment ruling, we need not address Cain's Rule 11 argument on appeal.