NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMES M.,
*Appellant,*

v.

SILVIA M., L.M., N.M., L.M.,
*Appellees.*

No. 1 CA-JV 20-0289

FILED 05-13-2021

Appeal from the Superior Court in Coconino County
No. S0300AD201200057
The Honorable Elaine Fridlund-Horne, Judge

**AFFIRMED**

COUNSEL

James M., Phoenix
*Appellant*

McCarthy Weston PLLC, Flagstaff
By Philip McCarthy, Jr.
*Counsel for Appellee Silvia M.*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

**¶1**         James M. appeals the superior court's denial of his motion to set aside an order terminating his parental rights to L.M., N.M. and L.M. (collectively, the "children"). Because James shows no error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         James and Silvia M. are the biological parents of L.M., born in 2004, N.M., born in March 2006, and L.M., born in August 2008. In August 2012, Silvia petitioned to terminate James' parental rights to the children on the ground of abandonment. *See* A.R.S. § 8-533(B)(1). By this point, Silvia had been unable to find James for nearly a year, so she moved for permission to serve him by publication under Arizona Rule of Civil Procedure ("Rule") 4.1, which the court authorized in August 2012. In August and September 2012, Silvia published the Notice of Initial Hearing on the Petition to Terminate Parental rights in the Arizona Business Gazette and Grand Canyon News.

**¶3**         A termination hearing was held in October 2012. Silvia testified. James did not appear. At hearing's end, the court found clear and convincing evidence to terminate James' parental rights to the children on abandonment grounds, A.R.S. § 8-533(B)(1), finding that:

- James had spent "approximately 5 months" with the children "over an almost 4 year span of time," including stretches of almost 34 months (between January 2008 and October 2010) and 13 months (between September 2011 and October 2012);

- James "failed to provide reasonable and ongoing support" as required by court orders in February and July 2012.

**¶4**         The court also found that termination was in the children's best interests. James neither requested a new hearing nor appealed the October 2012 termination order.

¶5         About seven and a half years later, James filed a March 2020 motion for restoration of parent/child relationship.  After briefing and oral argument, the court dismissed James' motion.  The court found that James "failed to assert his legal rights to set aside the [October 2012] order terminating parental rights in any sort of timely fashion," even though "he first learned" his parental rights had been terminated in December 2016.  "In the meantime," according to the court, "the children were getting older and the relationship was getting more distant."

¶6         James appeals.  We have jurisdiction.  *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 8-235, 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶7         We construe and treat James' motion for restoration of parent-child relationship as a motion to set aside judgment under Ariz. R.P. Juv. Ct. 46(E), which provides:

> A motion to set aside a judgment rendered by the court shall conform to the requirements of Rule 60(b)-(d), Ariz. R. Civ. P., except that the motion shall be filed within six (6) months of the final judgment, order or proceeding unless the moving party alleges grounds pursuant to Rule 60(b)(1), (2) or (3), in which case the motion shall be filed within three (3) months of the final judgment.

### I.      Insufficient Service

¶8         James first contends the court erroneously denied his motion to set aside the termination order as void, arguing he never received notice of the petition to terminate in 2012.  A judgment is void and must be vacated if entered without jurisdiction due to improper service.  *See Ruffino v. Lokosky*, 245 Ariz. 165, 168-69, ¶ 10 (App. 2018).  We generally review the superior court's denial of a motion to set aside under Rule 60(b) for an abuse of discretion, *see Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 595, ¶ 17 (App. 2007), but proper service of process "is a legal question of personal jurisdiction which we review de novo," *Ruffino*, 245 Ariz. at 168, ¶ 9 (italics omitted).  We still defer to the superior court's factual findings unless clearly erroneous.  *Id.*

¶9         The parties disagree on whether James timely moved to set aside the termination order.  Arizona law, however, imposes no time limit on Rule 60(b)(4) motions based on improper service of process because a judgment is void if entered without jurisdiction, "even if the party seeking

relief delayed unreasonably." *Ruffino*, 245 Ariz. at 168-169, ¶ 10 (quoting *Martin v. Martin*, 182 Ariz. 11, 14 (App. 1994)). "Proper service of process is essential for the court to have jurisdiction over the defendant." *Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321 (App. 1980).

**¶10**         Turning to the superior court's August 2012 order authorizing service by publication, we first recount the "service by publication" rules in effect then:

> Where the person to be served is one whose residence is unknown to the party seeking service but whose last known residence address was within the state, or has avoided service of process, and service by publication is the best means practicable under the circumstances for providing notice of the institution of the action, then service may be made by publication in accordance with the requirements of this subpart.

Ariz. R. Civ. P. 4.1(n) (2012).[1]

**¶11**         "Before resorting to service by publication," however, the movant must "file an affidavit setting forth facts indicating it made a due diligent effort to locate an opposing party to effect personal service." *Sprang v. Petersen Lumber, Inc.*, 165 Ariz. 257, 261 (App. 1990).

**¶12**         On this record, we find no error. Silvia filed an affidavit of her attorney's paralegal with her motion for alternative service, which described the efforts to locate James. The paralegal swore she "attempted to locate [James] for over six months," "attempted mailing documents" to James at both "the address [he] provided to the Court" and his mother's address, but "[a]ll correspondence mailed to these addresses was returned with no forwarding address provided." The paralegal also reached out to James' two former employers, but both "employer[s] state[d] that [James] no longer work[ed] with them, and neither employer was able to provide a current address for their prior employee." The paralegal added that "[a]ll attempts at locating [James] have been unsuccessful, including detailed

---

[1]         Rule 4.1 was restyled in 2013. *See* Arizona Supreme Court Order R–11–0031 (filed Dec. 12, 2012). The requirements for service by publication are now found in Rule 4.1(*l*). *See Ruffino*, 245 Ariz. at 169, ¶ 11.

internet searches," which "reflect[ed] outdated contact information and no current addresses."[2]

¶13        Silvia also provided a July 2012 family court order from the parties' dissolution proceeding in which the family court found that James had "purposely misled the court as to his residence and ha[d] not kept the Court advised of his current address." Similarly, the court took judicial notice of a 2014 family court order in the same dissolution proceeding, which authorized the Arizona Attorney General's Child Support Enforcement Unit to serve James by alternative methods. This evidence was permissible because the superior court may consider "evidence available to the judge at the time the motion to set aside was heard indicating that the circumstances had in fact existed." *Barlage v. Valentine*, 210 Ariz. 270, 274, ¶ 9 (App. 2005) (cleaned up).

¶14        James counters that Silvia could have also contacted the Arizona Medical Board to determine his address, but "[s]ervice of process can be impeached only by clear and convincing evidence." *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 194 (App. 1992). James provided no such evidence.

¶15        Additionally, James contends he was denied due process. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Silvia "satisfied due process minimum notice requirements" by meeting former Rule 4.1(n)'s requirements for service by publication as explained above. *Master Fin., Inc.*, 208 Ariz. at 73, ¶ 15. We find no error.

## II.        Fraud or concealment

¶16        James also argues the termination order should be set aside because Silvia and her attorney concealed important evidence from the superior court. But James missed the deadline to file that form of motion by several years. A motion to set aside must be filed within six months of the termination order unless the motion alleges mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud, in which case the motion must be filed within three months of the termination order.

---

[2]        Silvia later offered an affidavit showing the manner and dates of the publication and mailing.

Arizona Rule of Procedure for Juvenile Court 46(E). James waited nearly seven and a half years from the termination order to file this motion.

¶17 Even assuming his motion was timely, James has shown no abuse of discretion. *Ruesga*, 215 Ariz. at 595, ¶ 17. Although James argues that Silvia "made false allegations" of sexual and physical abuse against him, the juvenile court terminated his parental rights on the ground of abandonment, not abuse or neglect.

¶18 James also challenges the credibility of an adverse witness who testified against him in December 2011. That testimony, however, was given at an evidentiary hearing for supervised parenting time and spousal maintenance. Based on this record, we do not find an abuse of discretion.[3]

## CONCLUSION

¶19 We affirm.



AMY M. WOOD • Clerk of the Court
FILED:          HB

---

[3] James also argues that the juvenile court erroneously applied the res judicata doctrine, but the court did not. In fact, Silvia's counsel mistakenly used the term when he asked the juvenile court to take judicial notice of a prior court holding.